■ DOROTHY OPPENHEIM, Plaintiff, v ONE SCHOOL STREET PROFESSIONAL CORP., Defendant and Third-Party Plaintiff-Respondent, et al., Defendants. WALTER LAZINSKI, Doing Business as LAWNSCAPE ENTERPRISES, Third-Party Defendant-Appellant. [691 NYS2d 917] —In an action to recover damages for personal injuries, the third-party defendant appeals from an order of the Supreme Court, Nassau County (Winick, J.), dated August 11, 1998, which denied his motion for summary judgment dismissing the third-party complaint.

Ordered that the order is reversed, on the law, with costs,

the motion is granted and the third-party complaint is dismissed.

The appellant did not assume a duty of reasonable care to the plaintiff by virtue of his snow-removal contract with the respondent. The appellant's limited contractual undertaking was not a comprehensive and exclusive property maintenance obligation intended to displace the respondent's duty as a landowner to maintain the property safely. Therefore, the third-party complaint, which sought contribution and indemnification against the appellant, is dismissed (*see, Miranti v Brightwaters Racquet & Spa,* 246 AD2d 518; *Keshavarz v Murphy,* 242 AD2d 680). O'Brien, J. P., Ritter, Joy, Altman and Smith, JJ., concur.