■ RICHARD D. LANDAU, Respondent, v OCEANSIDE COVE HOMEOWNERS, INC., et al., Appellants. [696 NYS2d 485] —In an

action to recover damages for personal injuries, the defendants Village Landscaping, Inc., and Charles Bachman, s/h/a Charles Backman, and the defendant Oceanside Cove Homeowners, Inc., separately appeal, as limited by their respective briefs, from so much of an order of the Supreme Court, Nassau County (Carter, J.), dated January 5, 1999, as denied their separate motions for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs payable to the appellants appearing separately and filing separate briefs, the motions are granted, and the complaint is dismissed.

The plaintiff Richard D. Landau allegedly sustained personal injuries when he fell in a parking lot owned by the defendant Oceanside Cove Homeowners, Inc. (hereinafter Oceanside), and commenced the instant action against Oceanside and the defendants Village Landscaping, Inc., and Charles Bachman, s/h/a Charles Backman (hereinafter collectively Village). Village had contracted to provide snow-plowing services to Oceanside. The Supreme Court denied the defendants' motions for summary judgment as untimely.

Contrary to the conclusion reached by the Supreme Court, we find that the defendants' separate motions for summary judgment were timely under CPLR 3212 (a). The motions were made within 120 days of the filing of the note of issue, and the record fails to disclose that the Supreme Court set a date after which no such motions could be made, which was not earlier than 30 days after the filing of the note of issue.

On the merits, we find that the appellants are entitled to summary judgment dismissing the complaint insofar as asserted against them. Village did not assume a duty of care to the plaintiff by virtue of the snow removal contract with Oceanside, as the limited contractual undertaking was not a comprehensive and exclusive property maintenance obligation intended to displace Oceanside's duty as a landowner to maintain the property safely (*see, Oppenheim v One School St. Professional Corp.,* 263 AD2d 472; *Miranti v Brightwaters Racquet & Spa,* 246 AD2d 518; *Keshavarz v Murphy,* 242 AD2d 680). Oceanside is entitled to summary judgment as, *inter alia,* the plaintiff failed in opposition to its motion to raise an issue of fact as to whether Oceanside had notice of any dangerous condition (*see, Simmons v Metropolitan Life Ins. Co.,* 84 NY2d 972; *Fuks v New York City Tr. Auth.,* 243 AD2d 678). Bracken, J. P., Santucci, Altman, Friedmann and H. Miller, JJ., concur.