■ Robert Murphy, Appellant, v M.B. Real Estate Development Corp. et al., Defendants, American Indoor & Outdoor Maintenance Care, Inc., Respondent, and Northern Westchester Park Associates, L. L. P., Appellant. [720 NYS2d 175] —In an action to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Westchester County (Scarpino, J.), dated October 27, 1999, as granted that branch of the motion of the defendant American Indoor & Outdoor Maintenance Care, Inc., which was to dismiss the complaint insofar as asserted against it, and the defendant Northern Westchester Park Associates, L. L. P., separately appeals, as limited by its brief, from so much of the same order as granted that branch of the motion of the defendant American Indoor & Outdoor Maintenance Care, Inc., which was for summary judgment dismissing the cross claim against it for common-law indemnification and contribution.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable by the appellants.

On January 16, 1996, the plaintiff slipped and fell on ice in a parking lot owned by the defendant Northern Westchester Park Associates (hereinafter Northern). Northern had a written contract with American Indoor & Outdoor Maintenance Care, Inc. (hereinafter American), to provide outdoor maintenance services, including snow removal.

American's contract with Northern did not constitute "a comprehensive and exclusive property maintenance obligation which the parties could have reasonably expected to displace [the property owner's] duty, as a landowner, to maintain the property safely" (*Riekers v Gold Coast Plaza,* 255 AD2d 373, 374). Accordingly, American cannot be held liable to third parties for personal injuries arising from negligent performance (*see, Landau v Oceanside Cove Homeowners,* 265 AD2d 381, 382; *Sapone v Commercial Bldg. Maintenance Corp.,* 262 AD2d 393, 394). Further, American cannot be held liable to the plaintiff on the theory that it created or exacerbated a dangerous condition (*see, Pavlovich v Wade Assocs.,* 274 AD2d 382).

If in fact an injury can be attributable solely to negligent performance or nonperformance of an act solely within the

province of the contractor, then the contractor may be held liable for indemnification to an owner (*see, 17 Vista Fee Assocs. v Teachers Ins. & Annuity Assn.,* 259 AD2d 75; *McBride v Stewart's Ice Cream Co.,* 262 AD2d 776; *Boskey v Gazza Props.,* 248 AD2d 344, 346; *Keshavarz v Murphy,* 242 AD2d 680).

Under the particular facts of this case, the causes of action for indemnification were properly dismissed (*see, Oppenheim v One School St. Professional Corp.,* 263 AD2d 472, 473). Goldstein, J. P., McGinity, Luciano and Feuerstein, JJ., concur.