■ DALE MITCHELL, Respondent, v FIORINI LANDSCAPE, INC., Appellant, and LARO MAINTENANCE CORPORATION, Respondent. [726 NYS2d 673] —In an action to recover damages for personal injuries, the defendant Fiorini Landscape, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Carter, J.), dated March 24, 2000, as, upon renewal, adhered to a prior order of the same court dated March 16, 1998, denying its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order dated March 24, 2000, is modified, on the law, by deleting the provisions thereof which adhered to so much of the order dated March 16, 1998, as denied those branches of the appellant's motion which were for summary judgment dismissing the complaint insofar as asserted against it and dismissing the cross claim of the defendant Laro Maintenance Corporation for contribution and substituting therefor a provision granting those branches of the motion; as so modified, the order dated March 24, 2000, is affirmed insofar as appealed from, without costs or disbursements, the complaint is dismissed insofar as asserted against the defendant Fiorini Landscape, Inc., the action against the remaining defendant is severed, the cross claim of the defendant Laro Maintenance Corporation for common-law indemnification is converted into a third-party action against the defendant Fiorini Landscape, Inc., and the title is amended accordingly.

The plaintiff slipped and fell in the parking lot of his employer. Before the accident occurred, his employer entered into a wide-ranging maintenance contract with the defendant Laro Maintenance Corporation (hereinafter Laro). Laro's duties included, *inter alia*, plowing the snow from and salting the parking lot (*see, Mitchell v Fiorini Landscape*, 253 AD2d 860). Laro subcontracted some of its snow-plowing and salting duties to the defendant Fiorini Landscape, Inc. (hereinafter Fiorini). Pursuant to the contract between the parties, Fiorini was not responsible for snow melting and refreezing, or for snow drifting due to wind after clearing had been completed. Further, Laro was to "add more salt as needed after contractor has left" and was to contact Fiorini "if additional clearing [was] needed." In addition, there was deposition testimony from an officer of Laro indicating that Laro exercised regular supervision over the work performed by Fiorini.

The plaintiff commenced this action against Laro and Fiorini alleging that the negligent snow plowing of the parking lot was a proximate cause of various damages. Laro cross-claimed

against Fiorini for contribution and common-law indemnity. In the order appealed from, the Supreme Court, *inter alia*, upon renewal, adhered to a prior order denying Fiorini's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. We modify.

In general, a contract for the removal of snow and ice does not give rise to a duty on the part of the contractor to exercise reasonable care to prevent foreseeable harm to a plaintiff arising from the negligent performance of such duties unless (1) the contract constitutes a comprehensive and exclusive property maintenance obligation that the contracting parties could have reasonably expected would displace the landowner's duty to safely maintain the property, or (2) there is evidence that the injured plaintiff detrimentally relied on the contractor's performance of such duties, or the contractor's performance of such duties had otherwise advanced " 'to such a point as to have launched a force or instrument of harm' " (*Pavlovich v Wade Assocs.*, 274 AD2d 382, 383, quoting *Moch Co. v Rensselaer Water Co.*, 247 NY 160, 168; *see also, Cochrane v Warwick Assocs.*, 282 AD2d 567; *Murphy v M.B. Real Estate Dev. Corp.*, 280 AD2d 457). An allegation that the negligent performance of such duties created or exacerbated a hazardous condition does not provide a basis for liability (*see, Pavlovich v Wade Assocs., supra*; *Cochrane v Warwick Assocs., supra*; *Murphy v M.B. Real Estate Dev. Corp., supra*). Here, Fiorini presented an unrebutted prima facie demonstration of entitlement to judgment as a matter of law on its claim that neither its contract with Laro, nor any other fact or circumstance in the case, gave rise to a duty of reasonable care to the injured plaintiff. Thus, the complaint must be dismissed insofar as asserted against Fiorini.

Further, Laro's cross claim against Fiorini for contribution must also be dismissed. Fiorini made a prima facie showing of its entitlement to judgment as a matter of law by establishing that it did not owe a duty of reasonable care independent of its contractual obligations. In opposition, Laro failed to raise a triable issue of fact (*see, Cochrane v Warwick Assocs., supra*).

However, summary judgment dismissing Laro's cross claim for common-law indemnification was properly denied. Fiorini may be liable to Laro for common-law indemnification even in the absence of a duty running to the plaintiff, if the plaintiff's injuries are attributable solely to the negligent performance or nonperformance of an act that was solely within the province of Fiorini (*see, Murphy v M.B. Real Estate Dev. Corp., supra*). The cause of the plaintiff's slip and fall cannot be determined

as a matter of law. Accordingly, as noted, since Laro retained and/or exercised control over certain aspects of safely maintaining the parking lot, there is a question of fact as to whether the plaintiff's injuries are attributable solely to the negligent performance or nonperformance of an act that was solely within the province of Fiorini (*see, Murphy v M.B. Real Estate Dev. Corp., supra*). Consequently, there is a question of fact as to whether common-law indemnification is appropriate. Ritter, J. P., Friedmann, H. Miller and Adams, JJ., concur.