■ PAMELA JAVUREK et al., Appellants, v ROBERT D. L. GARDINER et al., Defendants, and CHEMICAL BANK et al., Respondents. [731 NYS2d 475] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from so much of an order and judgment (one paper) of the Supreme Court, Suffolk County (Seidell, J.), entered July 20, 2000, as granted those branches of the separate motions of the defendants Chemical Bank and North Peters Co., Inc., which were for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order and judgment is affirmed insofar as appealed from, with one bill of costs to the respondents.

On the afternoon of February 24, 1994, the plaintiff Pamela Javurek slipped on ice in the parking area of Chemical Bank. There had been snow and freezing precipitation the night before the incident and into the early morning on the day of the incident, and it had rained the morning of the incident. North Peters Co., Inc. (hereinafter North Peters), had contracted for the limited undertaking of snow removal.

North Peters established its prima facie entitlement to summary judgment. In response, the plaintiffs failed to raise a triable issue of fact. A limited contractual undertaking to provide

snow removal services generally does not render the contractor liable in tort for the personal injuries of third parties (*see, Murphy v M.B. Real Estate Dev. Corp.,* 280 AD2d 457; *Pavlovich v Wade Assocs.,* 274 AD2d 382; *Girardi v Bank of New York Co.,* 249 AD2d 443). Nor is there any evidence that the injured plaintiff detrimentally relied on North Peters' performance or that its actions had "advanced to such a point as to have launched a force or instrument of harm" (*Pavlovich v Wade Assocs., supra,* at 383 [internal quotations omitted]; *see, Murphy v M.B. Real Estate Dev. Corp., supra*).

Chemical Bank also established its prima facie entitlement to summary judgment. In response, the plaintiffs failed to raise a triable issue of fact that the ice patch where the injured plaintiff fell existed for a sufficient length of time to charge Chemical Bank with constructive notice of the alleged hazardous condition (*see, Simmons v Metropolitan Life Ins. Co.,* 84 NY2d 972; *Alexander v City of New York,* 277 AD2d 334; *Bertman v Board of Mgrs.,* 233 AD2d 283). Krausman, J. P., S. Miller, Schmidt and Crane, JJ., concur.