■ DANIEL BURGOS et al., Appellants, v CITY OF NEW YORK et al., Respondents. [735 NYS2d 151] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of (1) an order of the Supreme Court, Kings County (Hutcherson, J.), dated November 17, 2000, as granted those branches of the separate motions of the defendants which were for summary judgment dismissing the complaint insofar as asserted against them, and (2) an amended order of the same court, dated December 4, 2000, as granted the same relief.

Ordered that the appeal from the order dated November 17, 2000, is dismissed, as that order was superseded by the amended order dated December 4, 2000; and it is further,

Ordered that the amended order is affirmed insofar as appealed from; and it is further,

Ordered that the respondents are awarded one bill of costs.

The injured plaintiff slipped and fell while walking on a public sidewalk abutting the property of the defendant Edwin Porras during an ongoing snowstorm. The defendant City of New York was under no duty to remove snow and ice from the subject sidewalk during the storm (*see, Trainor v Dayton Seaside Assocs. No. 3*, 282 AD2d 524; *Taylor v New York City Tr. Auth.*, 266 AD2d 384). Moreover, the plaintiffs' assertion that the injured plaintiff slipped on preexisting ice from a prior snowstorm is based upon pure speculation and is, therefore, insufficient to raise a triable issue of fact (*see, Bernstein v City of New York*, 69 NY2d 1020).

Additionally, an owner of real property is under no obligation to remove snow and ice that naturally accumulates upon

the sidewalk that abuts his or her property and liability will not result unless it is shown that the owner made the sidewalk more hazardous through negligent removal of the snow (*see, Prado v City of New York,* 276 AD2d 765; *Stewart v Yeshiva Nachlas Haleviym,* 186 AD2d 731). Here, the plaintiffs failed to offer anything other than speculation that the defendant Porras undertook snow abatement measures and that such measures increased the hazard.

Accordingly, the Supreme Court properly granted those branches of the defendants' motions which were for summary judgment dismissing the complaint in its entirety. Altman, J. P., Smith, Adams and Prudenti, JJ., concur.