■ FRANCIS J. FLYNN, Respondent, v HEWLYNN NURSERIES, INC., Appellant. [735 NYS2d 620] —In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Suffolk County (Tanenbaum, J.), dated July 5, 2001, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The plaintiff, a school custodian, allegedly sustained injuries when he slipped and fell on snow and/or ice on the premises of his employer, the Deer Park School District. The Supreme Court improperly denied the defendant's motion for summary judgment dismissing the complaint. The defendant's limited contractual undertaking to remove snow in this instance was not a comprehensive and exclusive property maintenance obligation intended to displace the school district's duty as landowner to safely maintain the property (*see, Mitchell v Fiorini Landscape,* 284 AD2d 313; *Pavlovich v Wade Assocs.,* 274 AD2d 382, 383). In addition, there is no evidence that the plaintiff detrimentally relied on the defendant's undertaking, or that the defendant's actions otherwise advanced "to such a point as to have launched a force or instrument of harm" (*Pavlovich v Wade Assocs., supra,* at 383 [internal quotation marks omitted]; *see, Moch Co. v Rensselaer Water Co.,* 247 NY 160, 168). The plaintiff's assertion that the defendant's negligent performance of such duties created or exacerbated a hazardous condition does not provide a basis for liability (*see, Mitchell v Fiorini Landscape, supra; Pavlovich v Wade Assocs., supra; Coch-*

*rane v Warwick Assocs.*, 282 AD2d 567; *Murphy v M.B. Real Estate Dev. Corp.*, 280 AD2d 457). Ritter, J. P., Goldstein, Friedmann, Feuerstein and Crane, JJ., concur.