■ LEONARD BARATTA et al., Respondents, v HOME DEPOT USA, INC., et al., Respondents, and FRAGALA LANDSCAPE CONTRACTING CORP., Appellant. [756 NYS2d 605] —In an action to recover damages for personal injuries, etc., the defendant Fragala Landscape Contracting Corp. appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Schmidt, J.), dated November 29, 2001, as, upon reargument, adhered to so much of an order dated May 9, 2001, as denied its prior motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that order is modified, on the law, by deleting the provisions thereof which, upon reargument, adhered to so much of the order dated May 9, 2001, as denied those branches of the motion which were for summary judgment dismissing (1) the complaint insofar as asserted against Fragala Landscape Contracting Corp., and (2) so much of the first cross claim of the defendant Home Depot USA, Inc., which was for contribution insofar as asserted against Fragala Landscape Contracting Corp., and substituting therefor provisions, upon reargument, granting those branches of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The infant plaintiff Leonard Baratta allegedly was injured when his father slipped and fell on a patch of ice in the parking lot of the defendant Home Depot USA, Inc. (hereinafter Home Depot), causing the shopping cart in which the infant was seated to tip over. The plaintiffs commenced the instant action against, inter alia, Home Depot and Fragala Landscape Contracting Corp. (hereinafter Fragala), the snow removal contractor hired by Home Depot. Home Depot asserted cross claims against Fragala for contribution and contractual and common-law indemnification.

Fragala established its prima facie entitlement to summary judgment dismissing the plaintiffs' complaint insofar as asserted against it. In response, the plaintiffs failed to raise a triable issue of fact. A limited contractual undertaking to provide snow removal services generally does not render the contractor liable in tort for the personal injuries of third parties (*see Espinal v Melville Snow Contrs.*, 98 NY2d 136, 141-142 [2002];

*Javurek v Gardiner,* 287 AD2d 544 [2001]; *Murphy v M.B. Real Estate Dev. Corp.,* 280 AD2d 457 [2001]; *Pavlovich v Wade Assoc.,* 274 AD2d 382 [2000]; *Girardi v Bank of N.Y. Co.,* 249 AD2d 443 [1998]). Nor is there any evidence that the injured plaintiff detrimentally relied on Fragala's performance or that its actions "launched a force or instrument of harm" (*Moch Co. v Rensselaer Water Co.,* 247 NY 160, 168 [1928]; *see Murphy v M.B. Real Estate Dev. Corp., supra; Pavlovich v Wade Assoc., supra* at 383).

Fragala also established its entitlement to summary judgment dismissing so much of Home Depot's first cross claim as sought contribution. To sustain its claim for contribution, Home Depot was required to show that Fragala owed it a duty of reasonable care independent of its contractual obligations (*see Phillips v Young Men's Christian Assn.,* 215 AD2d 825, 827 [1995]; *cf. Sommer v Federal Signal Corp.,* 79 NY2d 540, 551-552 [1992]), or that a duty was owed to the plaintiffs as injured parties and that a breach of this duty contributed to the alleged injuries (*see Nassau Roofing & Sheet Metal Co. v Facilities Dev. Corp.,* 125 AD2d 754, 756 [1986], *affd* 71 NY2d 599 [1988]). Fragala owed no duty of reasonable care to the plaintiffs under the circumstances of this case. Because Home Depot failed to assert an independent duty owed to it by Fragala, the Supreme Court erred in failing to dismiss so much of the first cross claim as sought contribution.

However, the Supreme Court correctly denied that branch of Fragala's motion which was for summary judgment dismissing so much of the first cross claim as sought common-law indemnification, and the second cross claim for contractual indemnification. Fragala failed to establish its entitlement to judgment as a matter of law dismissing that branch of the first cross claim which was for common-law indemnification. A triable issue of fact exists as to whether the plaintiff's injuries were attributable to the nonperformance of an act that was solely within the province of Fragala (*see Mitchell v Fiorini Landscape,* 284 AD2d 313, 314 [2001]; *Murphy v M.B. Real Estate Dev. Corp., supra* at 457-458). Moreover, Fragala failed to sustain its burden in the first instance on the issue of contractual indemnification since a question of fact exists with respect to whether it breached the contract by failing to perform one or more of the services for which Home Depot retained it (*see Boskey v Gazza Props.,* 248 AD2d 344, 346 [1998]). If the plaintiffs are successful against Home Depot for negligent failure to maintain the parking lot, Fragala may be required to indemnify Home Depot (*see Coyle v Long Is. Sav.*

*Bank,* 248 AD2d 350, 351 [1998]; *Phillips v Young Men's Christian Assn., supra* at 827). Goldstein, J.P., Adams, Townes and Crane, JJ., concur.