◼ HYACINTH GORDON, Respondent, v TALLEYRAND CRESCENT DEVELOPMENT CORPORATION et al., Defendants, ALL GREEN LANDSCAPING CONSTRUCTION CORP., Respondent, and TALLEYRAND MANAGEMENT, LLC, Appellant. [757 NYS2d 794] —In an action to recover damages for personal injuries, the defendant All Green Landscaping & Construction Corp. appeals from (1) an order of the Supreme Court, Westchester County (Lefkowitz, J.), entered July 1, 2002, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it, and (2) so much of an order of the same court, entered August 13, 2002, as denied that branch of its motion which was for reargument.

Ordered that the appeal from the order entered August 13, 2002, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order entered July 1, 2002, is reversed, on the law, the motion for summary judgment is granted, the complaint is dismissed insofar as asserted against the defendant All Green Landscaping & Construction Corp., and the action against the remaining defendants is severed; and it is further,

Ordered that one bill of costs is awarded to the appellant.

The plaintiff allegedly sustained injuries when she slipped and fell on ice on the exterior steps located in front of her apartment door in the Talleyrand Crescent apartment complex. She subsequently commenced this action against, among others, All Green Landscaping & Construction Corp. (hereinafter All Green), the company hired to provide snow and ice removal services for the apartment complex. The Supreme Court denied All Green's motion for summary judgment dismissing the complaint insofar as asserted against it. We reverse.

In opposition to All Green's prima facie demonstration of entitlement to judgment as a matter of law, the plaintiff failed to raise a triable issue of fact as to whether All Green's contract constituted a comprehensive and exclusive property maintenance obligation that displaced the landowner's duty to safely maintain the property, that she detrimentally relied on All Green's continued performance of its contractual duties, or that All Green's performance of its duties had advanced to such a point as to have launched a force or instrument of harm (*see Mitchell v Fiorini Landscape,* 284 AD2d 313, 314 [2001]; *see generally Church v Callanan Indus.,* 99 NY2d 104 [2002];

*Espinal v Melville Snow Contrs.,* 98 NY2d 136 [2002]). Thus, All Green was entitled to summary judgment.

In light of this determination, we need not reach the parties' remaining contentions. Ritter, J.P., S. Miller, Schmidt and Adams, JJ., concur.