■ MATTHEW GALIT et al., Appellants, v TOWN OF ISLIP, Defendant, and SUFFOLK COUNTY WATER AUTHORITY et al., Respondents. [798 NYS2d 111]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Jones, J.), dated May 4, 2004, as granted those branches of the separate motions of the defendant Suffolk County Water Authority and the defendant Victorian Gardens, LLC, which were for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion of the defendant Victorian Gardens, LLC, which was for summary judgment dismissing the complaint insofar as asserted against it and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the defendant Suffolk County Water Authority payable by the plaintiffs and one bill of costs to the plaintiffs payable by the defendant Victorian Gardens, LLC, and the complaint is reinstated insofar as asserted against the defendant Victorian Gardens, LLC.

The infant allegedly was injured when he fell from his bicycle after the front tire came into contact with the cylindrical column of a fire hydrant valve shutoff box which was protruding from the roadway in the apartment complex owned by, and constructed under the supervision of, the defendant Victorian Gardens, LLC (hereinafter Victorian Gardens).

Victorian Gardens failed to establish its prima facie entitlement to judgment as a matter of law (see Alvarez v Prospect Hosp., 68 NY2d 320 [1986]). Accordingly, the burden did not shift to the plaintiffs to raise a triable issue of fact (see Zuckerman v City of New York, 49 NY2d 557, 562 [1980]; Strange v Colgate Design Corp., 6 AD3d 422, 423 [2004]). Where, as here, the plaintiffs contended, and Victorian Gardens did not deny, that it was responsible for the original design and construction of the allegedly defective fire hydrant valve shutoff box, the plaintiffs need not establish actual or constructive notice (see Curzio v Tancredi, 8 AD3d 608 [2004]; Salzberg v Futernick, 281 AD2d 467, 468 [2001]; Richardson v Schwager Assoc., 249 AD2d 531, 532 [1998]). Accordingly, the Supreme Court erred in granting that branch of Victorian Gardens' motion which was for summary judgment dismissing the complaint insofar as asserted against it.

However, the Supreme Court properly granted that branch of the motion of the defendant Suffolk County Water Authority

(hereinafter the SCWA) which was for summary judgment dismissing the complaint insofar as asserted against it. The subject maintenance and repair contract was not a comprehensive and exclusive agreement meant to displace the obligation of Victorian Gardens to maintain a reasonably safe premises (*see Espinal v Melville Snow Contrs.*, 98 NY2d 136, 140-141 [2002]). Accordingly, the SCWA cannot be held liable to the plaintiffs for an alleged breach of contract (*see Usman v Alexander's Rego Shopping Ctr., Inc.*, 11 AD3d 450, 451 [2004]), where, as here, the plaintiffs' opposition failed to raise a triable issue of fact regarding one of the exceptions to the rule that the breach of a contractual obligation does not impose tort liability upon the promisor to noncontracting parties (*see Church v Callanan Indus.*, 99 NY2d 104, 111-112 [2002]; *Espinal v Melville Snow Contrs., supra*; *Palka v Servicemaster Mgt. Servs. Corp.*, 83 NY2d 579 [1994]; *Moch Co. v Rensselaer Water Co.*, 247 NY 160 [1928]; *Regatta Condominium Assn. v Village of Mamaroneck*, 303 AD2d 739, 740 [2003]). Schmidt, J.P., Mastro, Rivera and Skelos, JJ., concur.