■ PASQUALE ROMEO et al., Appellants, v RONALD McDONALD HOUSE et al., Respondents. [811 NYS2d 694]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Weiss, J.), dated July 22, 2004, as granted that branch of the motion of the defendant Ronald McDonald House which was for summary judgment dismissing the complaint insofar as asserted against it, and granted that branch of the cross motion of the defendant Norman's Lakeville Exxon which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

The injured plaintiff allegedly slipped and fell on clear ice in a parking lot owned by the defendant Ronald McDonald House (hereinafter RMH). Pursuant to an oral agreement, the defendant Norman's Lakeville Exxon (hereinafter NLE) performed snow removal services on the premises. NLE plowed the subject parking lot nine days before the accident occurred. According to the plaintiffs, at the time of the accident, it was cold and rain was falling.

As the movant, RMH established its entitlement to judgment as a matter of law by submitting evidence sufficient to demonstrate that it did not create or have actual or constructive notice of the icy condition which allegedly caused the injured plaintiff to fall (*see Zabbia v Westwood, LLC,* 18 AD3d 542 [2005]; *Murphy v 136 N. Blvd. Assoc.,* 304 AD2d 540 [2003]; *Voss v D&C Parking,* 299 AD2d 346 [2002]). In opposition, the plaintiffs failed to submit evidence sufficient to raise a triable issue of fact. The plaintiffs' contention that the injured plaintiff slipped on ice from the prior snowstorm was based on sheer speculation, and they failed to submit evidence sufficient to raise a triable issue of fact as to whether the icy condition was visible and apparent for a sufficient period of time to permit RMH to discover and remedy it (*see Simmons v Metropolitan Life Ins. Co.,* 84 NY2d 972 [1994]; *Katz v Pathmark Stores, Inc.,* 19 AD3d 371 [2005]; *Burgos v City of New York,* 289 AD2d 436 [2001]; *Dall v Goldbaum,* 293 AD2d 562 [2002]).

Additionally, in response to NLE's demonstration of its entitlement to judgment as a matter of law, the plaintiffs failed to submit evidence sufficient to raise a triable issue of fact (*see Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]). NLE did not as-

sume a duty to exercise reasonable care to prevent foreseeable harm to the plaintiff by virtue of its snow removal contract with RMH (see Espinal v Melville Snow Contrs., 98 NY2d 136 [2002]; Baratta v Home Depot USA, 303 AD2d 434 [2003]). Additionally, the evidence failed to show that the oral agreement between NLE and RMH was exclusive and comprehensive and entirely displaced RMH's duty to maintain the parking lot in a reasonably safe manner (see Espinal v Melville Snow Contrs., supra at 140), or that NLE "launched a force or instrument of harm" (Moch Co. v Rensselaer Water Co., 247 NY 160, 168 [1928]), and thus created or exacerbated a hazardous condition, or that the plaintiffs detrimentally relied on NLE's continued performance of its contractual duties (see McConologue v Summer St. Stamford Corp., 16 AD3d 468 [2005]; Bugiada v Iko, 274 AD2d 368 [2000]). Cozier, J.P., Santucci, Spolzino and Skelos, JJ., concur.