■ ERVIN L. HITES et al., Plaintiffs, v TOYS "R" US, INC., Appellant, and LEHIGH LAWNS AND LANDSCAPING, INC., Respondent. [822 NYS2d 624]—

In an action to recover damages for personal injuries, etc., the defendant Toys "R" Us, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Dutchess County (Pagones, J.), dated December 20, 2004, as granted that branch of the motion of the defendant Lehigh Lawns and Landscaping, Inc., which was for summary judgment dismissing its cross claims, in effect, for common-law indemnification and contribution.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion which was for summary judgment dismissing the cross claim of the defendant Toys "R" Us, Inc., in effect, for common-law indemnification and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the appellant, and the appellant's cross claim, in effect, for common-law indemnification is reinstated.

As he was exiting his motor vehicle, the injured plaintiff, Ervin L. Hites, slipped and fell on a sheet of ice in the appellant's parking lot. The appellant had previously contracted with the defendant Lehigh Lawns and Landscaping, Inc. (hereinafter Lehigh), to perform snow removal services in the parking lot, including plowing, sanding, and salting. The plaintiffs commenced this action against both the appellant and Lehigh. Both of the defendants moved for summary judgment dismissing the complaint and the cross claims each asserted against the other. The Supreme Court granted Lehigh's motion in its entirety and denied the appellant's motion. The Supreme Court erred in granting that branch of Lehigh's motion which was for summary judgment dismissing the appellant's cross claim, in effect, for common-law indemnification.

Lehigh made a prima facie showing of its entitlement to summary judgment dismissing the cross claim, in effect, for contri-

bution by establishing that it did not owe a duty of reasonable care to the appellant independent of its contractual obligations or that a duty was owed to the injured plaintiff, a breach of which contributed to his injuries (*see Mitchell v Fiorini Landscape,* 284 AD2d 313, 314 [2001]; *Cochrane v Warwick Assoc.,* 282 AD2d 567, 568 [2001]). In opposition, the appellant failed to raise a triable issue of fact.

However, the Supreme Court should not have granted that branch of Lehigh's motion which was for summary judgment dismissing the cross claim, in effect, for common-law indemnification (*see Mitchell v Fiorini Landscape, supra; Murphy v M.B. Real Estate Dev. Corp.,* 280 AD2d 457 [2001]). Lehigh's president testified that his company was "responsible for the whole parking lot," and that he made the decisions as to whether salting and sanding were necessary. Thus, there is a triable issue of fact as to whether the injuries sustained by the injured plaintiff were attributable solely to the negligent performance of an act that was solely within the province of Lehigh (*see Mitchell v Fiorini Landscape, supra* at 314-315). Crane, J.P., Mastro, Skelos and Dillon, JJ., concur.