■ JORMA DAVID TORCHIO, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Respondent, and V.C. VITANZA AND SONS, INC., Appellant. [836 NYS2d 674]—

In an action to recover damages for personal injuries, the defendant V.C. Vitanza and Sons, Inc., appeals from so much of an order of the Supreme Court, Kings County (Vaughan, J.), dated July 12, 2006, as denied those branches of its motion which were for summary judgment dismissing the complaint insofar as asserted against it and the first, second, third, and fourth cross claims against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the motion of the defendant V.C. Vitanza and Sons, Inc., which were for summary judgment dismissing the complaint insofar as asserted against it and the first, second, third, and fourth cross claims against it are granted.

The plaintiff, a former New York City Police Department sergeant, was injured when he fell in the stairwell of a building owned by the defendant New York City Housing Authority (hereinafter NYCHA), allegedly due to a crack in a step and the presence of debris and water in the stairwell. He commenced this action against NYCHA and the defendant V.C. Vitanza and Sons, Inc. (hereinafter Vitanza), which had a contract with NYCHA to inspect, test, and maintain the standpipe system in the building. NYCHA asserted various cross claims against Vitanza, inter alia, for common-law and contractual indemnification and contribution. The Supreme Court denied those branches of Vitanza's subsequent motion which were for summary judgment dismissing the complaint insofar as asserted against it and the first, second, third, and fourth cross claims asserted against it. We reverse.

Vitanza established its entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against it by demonstrating that it did not assume a comprehensive and exclusive maintenance obligation under its contract with NYCHA, and it did not entirely displace NYCHA's duty to maintain the stairwell in a reasonably safe condition (*see Church v Callanan Indus.*, 99 NY2d 104 [2002]; *Espinal v Melville Snow Contrs.*, 98 NY2d 136 [2002]; *Roveccio v Ry Mgt. Co., Inc.*, 29 AD3d 562 [2006]; *Troise v New Water St. Corp.*, 11 AD3d 529 [2004]). Since no triable issue of fact was raised in opposition to that branch of its motion, the Supreme Court should have granted that branch of Vitanza's motion which was for summary judgment dismissing the complaint insofar as asserted against it on the ground that it owed no duty to the plaintiff (*see Galit v Town of Islip*, 19 AD3d 642 [2005]; *Bracco v Puntillo Ltd. Partnership*, 19 AD3d 624 [2005]; *Hagen v Gilman Mgt. Corp.*, 4 AD3d 330 [2004]). Furthermore, since Vitanza cannot be held directly liable to the plaintiff and NYCHA failed to establish that Vitanza owed it a reasonable duty of care independent of its contractual obligations, the second and fourth cross claims should have been summarily dismissed (*see Patterson v New York City Tr. Auth.*, 5 AD3d 454 [2004]; *Taylor v Gannett Co.*, 303 AD2d 397 [2003]; *Baratta v Home Depot USA*, 303 AD2d 434 [2003]).

The cross claims for common-law and contractual indemnification also should have been dismissed, as there is no evidence that the presence of water in the stairwell was related to any negligent act or omission by Vitanza, or that Vitanza failed to perform any contractual obligation in connection therewith. Rather, Vitanza demonstrated that at its last routine monthly inspection of the premises before the accident, the standpipe was not leaking in the area where the plaintiff fell, nor was Vitanza alerted by NYCHA to any problem with the standpipe between the inspection date and the accident date. Similarly, NYCHA's own witness, the assistant superintendent of the building, testified that he never observed the standpipe leaking or the presence of water in the stairwell during his frequent inspections, no building tenants ever complained to him about any such conditions, and he never alerted Vitanza to any leak from the standpipe. In view of this evidence, the plaintiff's vague recollection that he observed water at the location on a prior occasion "within that month," or at some time within a month before his accident, failed to raise an issue of fact as to whether the standpipe was leaking on the date of Vitanza's last inspection some 26 days earlier, or whether Vitanza was alerted to a leak at that location and failed to properly repair it pursuant to its contract with NYCHA. Accordingly, neither common-law nor contractual indemnification is available under the circumstances of this case.

Additionally, we note that the contractual indemnification provision at issue appears to run afoul of General Obligations Law § 5-322.1 (*see Leibel v Flynn Hill El. Co.*, 25 AD3d 768 [2006]; *Caruso v Inhilco, Inc.*, 2 AD3d 662 [2003]). Mastro, J.P., Santucci, Skelos and Dickerson, JJ., concur.