■ MARSHA E. ROACH et al., Respondents, v AVR REALTY COMPANY, LLC, et al., Defendants and Third-Party Plaintiffs/Second Third-Party Plaintiffs-Respondents, R.B.R. SNOW CONTRACTORS, INC., Defendant and Third-Party Defendant/Third Third-Party Plaintiff-Appellant-Respondent, and BOVE INDUSTRIES, Defendant and Second Third-Party Defendant/Third Third-Party Defendant-Respondent-Appellant, et al., Defendants. [839 NYS2d 173]—

In an action to recover damages for personal injuries, etc., R.B.R. Snow Contractors, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Werner, J.), entered January 6, 2006, as denied its motion for summary judgment dismissing the complaint, the third-party complaint, and all cross claims insofar as asserted against it, and for summary judgment on its third-party complaint against Bove Industries, and Bove Industries cross-appeals, as limited by its brief, from so much of the same order as denied its cross motion for summary judgment dismissing the complaint and all third-party complaints insofar as asserted against it.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof denying those branches of the motion of R.B.R. Snow Contractors, Inc., which were for summary judgment dismissing the complaint and third-party complaint insofar as asserted against it, and substituting therefor a provision granting those branches of the motion, and (2) by deleting the provision thereof denying those branches of the cross motion of Bove Industries which were for summary judgment dismissing the complaint and all third-party complaints insofar as asserted against it, and substituting therefor a provision granting those branches of the cross motion, and that branch of the motion of R.B.R. Snow Contractors, Inc., which was for summary judgment on its third-party complaint against Bove Industries, and that branch of the cross motion of Bove Industries which was for summary judgment dismissing the third-party complaint asserted against it by R.B.R. Snow

Contractors, Inc., are dismissed as academic; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with one bill of costs to R.B.R. Snow Contractors, Inc., and Bove Industries, payable by the plaintiffs-respondents and the defendants third-party plaintiffs/second third-party plaintiffs-respondents.

On December 13, 2002 the plaintiff Marsha E. Roach (hereinafter the injured plaintiff) slipped and fell on a patch of ice in the parking lot of a supermarket located in the Rocky Point Plaza Shopping Center (hereinafter the shopping center). The injured plaintiff and her husband commenced this action against several parties, including the supermarket (hereinafter the tenant) and the owner of the shopping center (hereinafter the property owner). Also included as defendants were R.B.R. Snow Contractors, Inc. (hereinafter RBR), the contractor hired to perform snow removal at the shopping center, and RBR's subcontractor, Bove Industries (hereinafter Bove).

As a general rule, a contract for the removal of snow and ice does not give rise to a duty on the part of the snow removal contractor to exercise reasonable care to prevent foreseeable harm to a plaintiff unless: (1) in failing to exercise reasonable care in the performance of its duties, the snow removal contractor launched a force or instrument of harm, (2) the plaintiff detrimentally relied upon the continued performance of the snow removal contractor's duties, or (3) the snow removal contract has entirely displaced the property owner's duty to maintain the premises safely (see *Espinal v Melville Snow Contrs.*, 98 NY2d 136, 140 [2002]; *Abbattista v King's Grant Master Assn., Inc.*, 39 AD3d 439 [2007]; *Mitchell v Fiorini Landscape*, 284 AD2d 313 [2001]).

Here, the snow removal contractor, RBR, sustained its burden of demonstrating its entitlement to summary judgment dismissing the complaint insofar asserted against it. RBR's contract to perform snow removal services at the shopping center was not an exclusive and comprehensive agreement which entirely displaced the property owner's duty to maintain the premises safely (see *Linarello v Colin Serv. Sys., Inc.*, 31 AD3d 396 [2006]; *Mahaney v Neuroscience Ctr.*, 28 AD3d 432 [2006]; *Romeo v Ronald McDonald House*, 25 AD3d 681 [2006]; *Javurek v Gardiner*, 287 AD2d 544 [2001]). Furthermore, RBR also made a prima facie showing that it did not launch a force or instrument of harm by submitting evidence that it did not perform snow removal work in the shopping center parking lot during the eight-day period between the last snow storm in the area and the injured plaintiff's accident (see *Linarello v Colin Serv.*

*Sys., Inc., supra; Mahaney v Neuroscience Ctr., supra; Romeo v Ronald McDonald House, supra; Katz v Pathmark Stores, Inc.,* 19 AD3d 371 [2005]; *see also Olivieri v GM Realty Co., LLC,* 37 AD3d 569 [2007]). Moreover, there is no evidence that the injured plaintiff detrimentally relied upon RBR's performance of its contractual duties (*see DeMartino v Home Depot U.S.A., Inc.,* 37 AD3d 758 [2007]; *Javurek v Gardiner, supra*). In opposition to RBR's prima facie showing, the plaintiff and the codefendants failed to raise a triable issue of fact, inter alia, as to whether RBR can be held liable on the theory that it launched a force or instrument of harm by creating or exacerbating the dangerous condition which caused the accident. Accordingly, the Supreme Court should have granted that branch of RBR's motion which was for summary judgment dismissing the complaint insofar as asserted against it.

The Supreme Court also should have granted that branch of RBR's motion which was to dismiss the third-party complaint asserted against it by the property owner and the tenant. In opposition to RBR's prima facie showing that it was entitled to dismissal of the contribution claim asserted by these parties, they failed to demonstrate that RBR either owed them a duty of reasonable care independent of its contractual obligations, or that RBR owed a duty of reasonable care to the injured plaintiff (*see Torchio v New York City Hous. Auth.,* 40 AD3d 970 [2007]; *Hites v Toys "R" Us, Inc.,* 33 AD3d 759 [2006]; *Baratta v Home Depot USA,* 303 AD2d 434 [2003]; *Mitchell v Fiorini Landscape,* 284 AD2d 313, 314 [2001]). RBR additionally made a prima facie showing of its entitlement to dismissal of the common-law indemnification claim set forth in the third-party complaint by demonstrating that the injured plaintiff's accident was not due solely to its negligent performance or nonperformance of an act solely within its province (*see Corley v Country Squire Apts., Inc.,* 32 AD3d 978 [2006]; *Murphy v M.B. Real Estate Dev. Corp.,* 280 AD2d 457 [2001]; *Keshavarz v Murphy,* 242 AD2d 680 [1997]). In opposition, the property owner and the tenant failed to raise an issue of fact.

Bove, the snow removal subcontractor, was also entitled to summary judgment dismissing the complaint insofar as asserted against it. Bove, which owed no direct duty to the plaintiffs or the property owner, made a prima facie showing of its entitlement to judgment as a matter of law by submitting evidentiary proof, including climatological data, which demonstrated that the snow removal services it performed after the snow storm of December 5, 2002, did not launch a force or instrument of harm by creating or exacerbating the dangerous condition which

caused the accident (*see Linarello v Colin Serv. Sys., Inc., supra; Mahaney v Neuroscience Ctr., supra; Romeo v Ronald McDonald House, supra; Baratta v Home Depot USA, supra*; *Flynn v Hewlynn Nurseries*, 289 AD2d 524 [2001]; *Mitchell v Fiorini Landscape, supra*). In opposition to the motion, the plaintiffs failed to submit sufficient evidence to raise a triable issue of fact in this regard.

Furthermore, the Supreme Court should have granted that branch of Bove's motion which was for summary judgment dismissing the third-party complaint asserted against it by the property owner and tenant. In opposition to Bove's prima facie showing that it was entitled to summary judgment dismissing the contribution claim asserted against it by these parties, they failed to demonstrate either that Bove owed them a duty of care independent of its contractual obligations, or that Bove owed the injured plaintiff a duty of care (*see Torchio v New York City Hous. Auth., supra; Hites v Toys "R" Us, Inc., supra; Baratta v Home Depot USA, supra; Mitchell v Fiorini Landscape, supra*). Bove also made a prima facie showing that it was entitled to dismissal of the common-law indemnification claim asserted against it by these parties by establishing that the injured plaintiff's accident was not due solely to its negligent performance or nonperformance of an act solely within its province (*see Corley v Country Squire Apts., Inc., supra; Murphy v M.B. Real Estate Dev. Corp., supra; Keshavarz v Murphy, supra*). In opposition, the property owner and tenant failed to raise an issue of fact.

Finally, we note that RBR failed to make a prima facie showing that it was entitled to summary judgment dismissing all cross claims asserted against it because it failed to submit copies of the answers asserting such cross claims against it, as required by CPLR 3212 (b) (*see Matsyuk v Konkalipos*, 35 AD3d 675 [2006]; *Wider v Heller*, 24 AD3d 433 [2005]; *Sted Tenants Owners Corp. v Chumpitaz*, 5 AD3d 663 [2004]; *Hamilton v City of New York*, 262 AD2d 283 [1999]). Crane, J.P., Krausman, Lifson and Balkin, JJ., concur.