■ Felix Guerra et al., Plaintiffs, v St. Catherine of Sienna et al., Defendants/Third-Party Plaintiffs-Respondents. Colin Cares, Inc., et al., Third-Party Defendants-Appellants. [913 NYS2d 709]—

In an action, inter alia, to recover damages for personal injuries, etc., the third-party defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Sgroi, J.), dated August 17, 2009, as denied their motion for summary judgment dismissing the third-party causes of action for contribution and common-law and contractual indemnification.

Ordered that the order is modified, on the law, by deleting the provision thereof denying those branches of the third-party defendants' motion which were for summary judgment dismissing the third-party causes of action for contribution and common-law indemnification, and substituting therefor a provision granting those branches of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff Felix Guerra (hereinafter Guerra) allegedly was injured when he slipped and fell as he swept a stairwell on the premises of the defendants/third-party plaintiffs St. Catherine of Sienna and Catholic Health Services of Long Island (hereinafter together the hospital). Guerra and his wife, Isabel Guerra, suing derivatively, commenced this action against the hospital, alleging that he fell because of inadequate or defective lighting in the stairwell. The hospital thereafter commenced a third-party action against Guerra's employers, Colin Cares, Inc., and American Building Maintenance Co. of New York-Manhattan (hereinafter together ABM), for contribution and common-law and contractual indemnification. ABM moved for summary judgment dismissing the third-party complaint. The Supreme Court denied the motion in its entirety, and we modify.

To sustain a third-party cause of action for contribution, a third-party plaintiff is required to show that the third-party defendant owed it a duty of reasonable care independent of its contractual obligations, or that a duty was owed to the plaintiffs as injured parties and that a breach of that duty contributed to the alleged injuries (*see Baratta v Home Depot USA*, 303 AD2d 434, 435 [2003]; *see also Roach v AVR Realty Co., LLC*, 41 AD3d 821, 824 [2007]; *Torchio v New York City Hous. Auth.*, 40 AD3d 970, 971 [2007]). "[A] defendant may seek contribution from a third party even if the injured plaintiff has no direct right of recovery against that party, either because of a procedural bar or because of a substantive legal rule" (*Raquet v Braun*, 90 NY2d 177, 182 [1997]).

Likewise, in situations where a third-party plaintiff is free from negligence, but may be held vicariously or statutorily liable for the third-party defendant's negligence, the third-party defendant may be held liable for common-law indemnification in the absence of a duty running to the plaintiff "if the plaintiff's injuries are attributable solely to the negligent performance or nonperformance of an act that was solely within the province of [the third-party defendant]" (*Mitchell v Fiorini Landscape*, 284 AD2d 313, 314 [2001]; *see Baratta v Home Depot USA*, 303 AD2d at 435; *Raquet v Braun*, 90 NY2d at 183).

Here, ABM made a prima facie showing of its entitlement to judgment as a matter of law dismissing the third-party causes of action for common-law indemnification and contribution by establishing that it breached no duty to Guerra, since the hospital was responsible for maintaining sufficient lighting, and that inadequate or defective lighting caused his fall (*see Roach v AVR Realty Co., LLC*, 41 AD3d at 824). In opposition to this showing, the hospital failed to raise a triable issue of fact by either demonstrating that ABM did, in fact, have a duty to Guerra to maintain the lighting system, or by submitting evidence tending to show that ABM breached a duty of reasonable care owed to the hospital independent of ABM's contractual obligations (*id.*). Thus, those branches of ABM's motion which were for summary judgment dismissing the third-party causes of action for common-law indemnification and contribution should have been granted.

However, the Supreme Court properly denied that branch of ABM's motion which was for summary judgment dismissing the third-party cause of action for contractual indemnification, since ABM failed to tender proof in admissible form establishing the terms of the contract in effect at the time of Guerra's accident (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562

[1980]; *Friends of Animals v Associated Fur Mfrs.*, 46 NY2d 1065, 1067 [1979]). In light of ABM's failure in this regard, we need not examine the sufficiency of the hospital's opposition papers with respect to that cause of action (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

The parties' remaining contentions have been rendered academic. Rivera, J.P., Dickerson, Lott and Roman, JJ., concur. **[Prior Case History: 2009 NY Slip Op 31931(U).]**