(February 14, 2012)

■ Kathryn Aberman et al., Respondents, v Retail Property Trust et al., Defendants/Third-Party Plaintiffs-Appellants. Guy Pratt, Inc., Third-Party Defendant-Respondent. [938 NYS2d 347]—

The plaintiff Kathryn Aberman allegedly sustained personal injuries when she slipped and fell on ice in the parking lot of premises owned by the defendant Retail Property Trust (hereinafter Retail). Thereafter, the injured plaintiff, with her husband, suing derivatively, commenced this action against Retail and the defendants Control Building Services, Inc., and Control Construction Co., Inc. (hereinafter together Control). Control managed and provided maintenance services for the premises. Retail and Control commenced a third-party action against Guy Pratt, Inc. (hereinafter Pratt), which provided snow removal services at the premises. The third-party complaint asserted causes of action for, among other things, common-law and contractual indemnification. The plaintiffs subsequently filed a second amended complaint which asserted causes of action against Pratt.

The Supreme Court properly granted that branch of Pratt's motion which was for summary judgment dismissing the third-party cause of action for common-law indemnification. Pratt established, prima facie, that the injured plaintiff's accident was not due solely to its negligent performance or nonperformance of an act solely within its province (*see Schultz v Bridgeport & Port Jefferson Steamboat Co.*, 68 AD3d 970, 972 [2009]). In opposition, Retail and Control failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

However, the Supreme Court should have denied that branch of Pratt's motion which was for summary judgment dismissing the third-party cause of action for contractual indemnification, because Pratt failed to establish, prima facie, that it did not breach the relevant contract by failing to perform one or more of the services for which it was retained (*see Abramowitz v Home Depot USA, Inc.*, 79 AD3d 675, 677 [2010]; *Baratta v Home Depot USA*, 303 AD2d 434, 435 [2003]).

We decline Retail and Control's request to search the record and award them summary judgment on the third-party cause of

action for contractual indemnification. Florio, J.P., Belen, Roman and Sgroi, JJ., concur. **[Prior Case History: 2010 NY Slip Op 32457(U).]**