■ JULIAN ARRENDAL, Plaintiff, v TRIZECHAHN CORPORATION et al., Appellants, and SUMMIT SECURITY SERVICES, Respondent. (And Other Titles.) [950 NYS2d 185]—

In an action to recover damages for personal injuries, the defendant Trizechahn Corporation appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Kramer, J.), dated October 8, 2010, as granted those branches of the motion of the defendant Summit Security Services which were for summary judgment dismissing the complaint insofar as asserted against that defendant and for summary judgment dismissing its cross claims for common-law and contractual indemnification against that defendant, and the defendant American Building Maintenance, Inc., separately appeals, as limited by its brief, from so much of the same order as granted that branch of the motion of the defendant Summit Security Services which was for summary judgment dismissing the complaint insofar as asserted against that defendant.

Ordered that the appeal by Trizechahn Corporation and the separate appeal by the defendant American Building Maintenance, Inc., from so much of the order as granted that branch of the motion of the defendant Summit Security Services which was for summary judgment dismissing the complaint insofar as asserted against it are dismissed, as the appellants are not aggrieved by that portion of the order (*see* CPLR 5511; *Mixon v TBV, Inc.*, 76 AD3d 144, 152 [2010]); and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the defendant Summit Security Services.

Trizechahn One NY Plaza, LLC, sued herein as Trizechahn Corporation (hereinafter Trizechahn), owned a commercial building. Pursuant to a "security personnel service contract" with Trizechahn, which contained an indemnification provision, the defendant Summit Security Services (hereinafter Summit)

provided certain security services at the building. One of those services was monitoring access to the building's loading dock.

In addition, pursuant to a contract with Trizechahn, the defendant American Building Maintenance, Inc., provided certain cleaning services at the building. One of those services was disposing of tenants' garbage, via a trash compactor connected to the loading dock.

On March 10, 2005, the plaintiff, who worked at a restaurant located inside of the building, attempted to use the trash compactor to dispose of garbage. As he was doing so, he tripped and fell into the compactor. He allegedly sustained certain injuries as a result of the accident.

The principle of common-law, or implied, indemnification permits a party who has been compelled to pay for the wrong of another to recover from the wrongdoer the damages the party paid to the injured party (*see Bellefleur v Newark Beth Israel Med. Ctr.*, 66 AD3d 807, 808 [2009]). If, in fact, an injury can be attributed solely to the negligent performance or nonperformance of an act solely within the province of a contractor engaged by a landowner, the contractor may be held liable to the landowner for common-law indemnification (*id.* at 808; *see Curreri v Heritage Prop. Inv. Trust, Inc.*, 48 AD3d 505, 507 [2008]).

Summit, which submitted evidence showing, among other things, that it had no duty to monitor access to the trash compactor or garbage disposal activities at the trash compactor, established its prima facie entitlement to judgment as a matter of law dismissing Trizechahn's cross claim against it for common-law indemnification (*see Guerra v St. Catherine of Sienna*, 79 AD3d 808, 809 [2010]; *Curreri v Heritage Prop. Inv. Trust, Inc.*, 48 AD3d at 507). In opposition, Trizechahn failed to raise a triable issue of fact (*see Guerra v St. Catherine of Sienna*, 79 AD3d at 809). Accordingly, the Supreme Court properly granted that branch of Summit's motion which was for summary judgment dismissing Trizechahn's cross claim against it for common-law indemnification.

In addition, Summit established its prima facie entitlement to judgment as a matter of law dismissing Trizechahn's cross claim against it for contractual indemnification, by establishing, prima facie, that it did not breach the security personnel service contract "by failing to perform one or more of the services for which" it was "retained" (*Aberman v Retail Prop. Trust*, 92 AD3d 703, 704 [2012]; *see Peycke v Newport Media Acquisition II, Inc.*, 17 AD3d 338, 339 [2005]; *Baratta v Home Depot USA*, 303 AD2d 434, 435 [2003]). In opposition, Trizechahn failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68

NY2d 320, 324 [1986]). Accordingly, the Supreme Court properly granted that branch of Summit's motion which was for summary judgment dismissing Trizechahn's cross claim against it for contractual indemnification. Skelos, J.P., Dickerson, Leventhal and Roman, JJ., concur.