Synysta v 450 Partners, LLC (2025 NY Slip Op 07035)

Synysta v 450 Partners, LLC

2025 NY Slip Op 07035

Decided on December 17, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 17, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
PAUL WOOTEN
DEBORAH A. DOWLING
LAURENCE L. LOVE, JJ.

2021-04274
 (Index No. 3559/12)

[*1]Volodmyr Synysta, plaintiff, 
v
450 Partners, LLC, et al., defendants-appellants, ACC Construction Corporation, defendant second third-party plaintiff- appellant, Commercial Electrical Contractors, second third-party defendant-respondent (and other third party actions).

Torino & Bernstein, P.C., Mineola, NY (Vincent J. Battista of counsel), for defendants-appellants and defendant second third-party plaintiff-appellant.
Wilson Elser Moskowitz Edelman & Dicker LLP, White Plains, NY (Danielle S. Tauber of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants 450 Partners LLC, and Coach, Inc., and the defendant second third-party plaintiff appeal from an order of the Supreme Court, Kings County (Lillian Wan, J.), dated March 26, 2021. The order, insofar as appealed from, granted those branches of the motion of the second third-party defendant Commercial Electrical Contractors which were for summary judgment dismissing the second third-party causes of action for contractual and common-law indemnification and all cross-claims for contribution and contractual and common-law indemnification insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On November 17, 2011, the plaintiff allegedly was injured while working on a construction site during the course of his employment with Bond Painting Company, Inc. The plaintiff suffered an electric shock and fell off of a scaffold after coming into contact with an electrical box in a space leased by the defendant Coach, Inc. (hereinafter Coach), located within a building owned by the defendant 450 Partners, LLC (hereinafter 450 Partners). The defendant second third-party plaintiff, ACC Construction Corporation (hereinafter ACC), was the general contractor for the build-out phase of the project. The second third-party defendant Commercial Electrical Contractors (hereinafter Commercial) was ACC's electrical subcontractor.
In February 2012, the plaintiff commenced this action against 450 Partners and ACC alleging common-law negligence and violations of Labor Law §§ 200, 240(1) and 241(6). The plaintiff subsequently amended the complaint to add Coach and Commercial as defendants. ACC commenced a second third-party action against Commercial and another second third-party defendant. Commercial moved, among other things, for summary judgment dismissing ACC's second third-party causes of action for contractual and common-law indemnification and all cross-claims for contribution and contractual and common-law indemnification insofar as asserted against [*2]it. In an order dated March 26, 2021, the Supreme Court, inter alia, granted those branches of the motion. 450 Partners, ACC, and Coach (hereinafter collectively the appellants) appeal.
"'The right to contractual indemnification depends upon the specific language of the contract'" (Zong Wang Yang v City of New York, 207 AD3d 791, 796 [alteration omitted], quoting Shaughnessy v Huntington Hosp. Assn., 147 AD3d 994, 999), and the proposed indemnitee must demonstrate that "the intention to indemnify can be clearly implied from the language and purposes of the entire agreement and the surrounding facts and circumstances" (Drzewinski v Atlantic Scaffold & Ladder Co., 70 NY2d 774, 777 [internal quotation marks omitted]; see Cuellar v City of New York, 139 AD3d 996, 998). "Further, to establish a claim for common-law indemnification, a party must prove not only that [it was] not negligent, but also that the proposed indemnitor . . . was responsible for negligence that contributed to the accident or, in the absence of any negligence, had the authority to direct, supervise, and control the work giving rise to the injury" (Fedrich v Granite Bldg. 2, LLC, 165 AD3d 754, 756 [internal quotation marks omitted]; see Wahab v Agris & Brenner, LLC, 102 AD3d 672, 674).
Here, an indemnification provision in a contract between ACC and Commercial required Commercial to indemnify ACC and Coach against "all claims, damages, liabilities, losses and expenses . . . arising out of or in any way connected with the performance or lack of performance of the work under the agreement" provided that "such claim, damage, liability, loss or expense is attributable to bodily injury . . . caused in whole or in part by any actual or alleged . . . [a]ct or omission of [Commercial]." Commercial demonstrated its prima facie entitlement to judgment as a matter of law dismissing the second third-party cause of action and cross-claims for contractual indemnification insofar as asserted against it by proffering evidence that its scope of work related only to the installation of new wiring on the work site and that the identification and removal of preexisting wiring was the obligation of a different contractor. As a result, the accident was not "caused by the negligent acts or omissions of [Commercial], such that the indemnification clause was not triggered" (Mikelatos v Theofilaktidis, 105 AD3d 822, 824 [internal quotation marks omitted]; see Tolpa v One Astoria Sq., LLC, 125 AD3d 755, 757). In opposition, the appellants failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted those branches of Commercial's motion which were for summary judgment dismissing the second third-party cause of action and cross-claims for contractual indemnification insofar as asserted against it.
For the same reason, Commercial established its prima facie entitlement to judgment as a matter of law dismissing the second third-party cause of action and cross-claims for common-law indemnification insofar as asserted against it (see Fedrich v Granite Bldg. 2, LLC, 165 AD3d at 757; Mikelatos v Theofilaktidis, 105 AD3d at 825). In opposition, the appellants failed to raise a triable issue of fact.
Commercial also established its prima facie entitlement to judgment as a matter of law dismissing the cross-claims for contribution by demonstrating that it did not owe a duty of reasonable care to the appellants independent of its contractual obligations (see Guerra v St. Catherine of Sienna, 79 AD3d 808, 809; Roach v AVR Realty Co., LLC, 41 AD3d 821, 824). In opposition, the appellants failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted that branch of Commercial's motion which was for summary judgment dismissing the cross-claims for contribution insofar as asserted against it.
The appellants' remaining contention is improperly raised for the first time on appeal.
IANNACCI, J.P., WOOTEN, DOWLING and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court