■ Thomas J. Trzaska et al., Plaintiffs, v Allied Frozen Storage, Inc., Defendant/Third-Party Plaintiff-Respondent. Landscaping & Excavating by J&K, Third-Party Defendant-Appellant, et al., Third-Party Defendant. (Appeal No. 1.) [909 NYS2d 260]—

Appeal from an order of the Supreme Court, Erie County (Rose H. Sconiers, J.), entered August 11, 2009. The order, insofar as appealed from, denied the motion of third-party defendant Landscaping & Excavating by J&K for summary judgment dismissing the amended third-party complaint against it.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by Thomas J. Trzaska (plaintiff) when he slipped and fell on property owned by defendant/third-party plaintiff, Allied Frozen Storage, Inc. (Allied), during the course of performing waste removal services. Plaintiff had partially backed his truck into an open garage door when he attempted to open the driver's side door, which was blocked by a snow pile. Plaintiff managed to force the door open and stepped onto the snow pile. According to his deposition testimony, plaintiff fell as he was stepping off of the snow pile. Prior to plaintiff's accident, Allied had entered into a contract with third-party defendant Landscaping & Excavating by J&K (J&K) to remove snow from the property. Allied commenced the third-party action seeking, inter alia, contractual and common-law indemnification and contribution from J&K on the grounds that J&K was negligent and had failed to fulfill its obligations under the snow removal contract. We conclude that Supreme Court properly denied the motion of J&K for summary judgment dismissing the amended third-party complaint against it inasmuch as J&K failed to establish its entitlement to judgment as a matter of law (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

Pursuant to the snow removal contract, J&K was obligated to indemnify Allied for any damages "arising out of the performance, or failure to perform as the case may be, [of J&K]'s duties under [the c]ontract." Contrary to J&K's contention with respect to the cause of action for contractual indemnification, we conclude that J&K failed to establish as a matter of law that it fulfilled its duties under the snow removal contract (*see Baratta v Home Depot USA*, 303 AD2d 434, 435 [2003]; *cf. Kearsey v*

*Vestal Park, LLC*, 71 AD3d 1363, 1366 [2010]). The contract required J&K to "clear snow from all drives and parking areas" and "to keep the property clear of snow." In support of its motion, J&K submitted the deposition testimony of Allied's Director of Engineering and Safety, who testified that the area where plaintiff fell is a driveway. That individual further testified that, prior to awarding J&K the snow removal contract, he instructed J&K's owner to keep all doorways free of snow and not to pile any snow on the blacktop. J&K's owner acknowledged that Allied had instructed him to keep the area in front of the garage door clear of snow, and he admitted that snow "should generally not be" piled in the area where plaintiff fell. We further conclude that J&K failed to establish as a matter of law that plaintiff's accident did not "aris[e] out of the performance[ ] or failure to perform" its duties under the contract (*cf. Sorrento v Rice Barton Corp.*, 17 AD3d 1005, 1006 [2005]). Although plaintiff could not specifically identify the cause of his fall, there is sufficient evidence in the record from which a jury could reasonably conclude that the snow pile caused or contributed to plaintiff's accident (*see generally Schneider v Kings Hwy. Hosp. Ctr.*, 67 NY2d 743, 744-745 [1986]; *Nolan v Onondaga County*, 61 AD3d 1431 [2009]).

With respect to the cause of action for common-law indemnification, we conclude that J&K failed to establish as a matter of law that plaintiff's accident was not "attributable solely to the negligent performance or nonperformance of an act that was solely within [its] province" (*Kearsey*, 71 AD3d at 1367; *see Baratta*, 303 AD2d at 435; *Mitchell v Fiorini Landscape*, 284 AD2d 313, 314-315 [2001]). With respect to the cause of action for contribution, we conclude that J&K's own submissions raised a triable question of fact whether J&K launched an instrument of harm by creating or exacerbating a hazardous condition, i.e., the snow pile (*see Espinal v Melville Snow Contrs.*, 98 NY2d 136, 140 [2002]; *cf. Roach v AVR Realty Co., LLC*, 41 AD3d 821, 823-824 [2007]).

Inasmuch as J&K failed to meet its initial burden on the motion, the court properly denied the motion regardless of the sufficiency of Allied's opposing papers (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Present—Scudder, P.J., Martoche, Peradotto, Green and Gorski, JJ.