This memorandum is uncorrected and subject to revision before
publication in the New York Reports.
--------------------------------------------------------------

No. 96
Littleton Construction Ltd.,
          Appellant,
        v.
Huber Construction, Inc. et al.,
          Respondents.

Adam B. Conners, for appellant.
Michael B. Powers, for respondents.

MEMORANDUM:

The order of the Appellate Division should be affirmed,
with costs.

Plaintiff commenced this proceeding against defendants
Huber Construction, Inc. (Huber) and Littleton/Huber Joint
Venture (the joint venture) seeking, as relevant to this appeal,

- 1 -

a portion of the management fees collected by Huber as part of the payment for projects completed by the parties in connection with the joint venture.  Defendants moved for summary judgment dismissing the complaint.  Resolution of the motion rested on the validity and interpretation of various documents alleged to govern the parties' relationship.  Supreme Court partially granted defendants' motion to the extent that it dismissed all causes of action except the one seeking recovery of a portion of the management fees.  The Appellate Division, with two Justices dissenting, modified Supreme Court's order by dismissing the complaint in its entirety (125 AD3d 1404 [4th Dept 2015]).  Plaintiff appealed to this Court as of right (see CPLR 5601 [a]).

Regardless of which party created the joint venture's purported Operating Agreement, defendants met their initial burden of establishing that such document was not executed by Huber.  Plaintiff failed to raise a triable issue of fact in response.  The joint venture, therefore, could not be governed by the terms of that unenforceable document (see Gilbert Frank Corp. v Federal Ins. Co., 70 NY2d 966, 967 [1988]).

With the Operating Agreement invalidated, the governing contract was the parties' Memorandum of Understanding, which was indisputably signed by both parties.  If a contract is complete, clear and unambiguous, it must be enforced according to its plain meaning (see Beardslee v Inflection Energy, LLC, 25 NY3d 150, 157 [2015]; Schron v Troutman Sanders LLP, 20 NY3d 430, 432 [2013]).

The Memorandum of Understanding plainly provides for a 9%
management fee to Huber, which Huber was not required to share
with plaintiff.  Thus, under the terms of that agreement,
defendants were entitled to summary judgment dismissing
plaintiff's cause of action seeking a portion of the management
fees.  Plaintiff's remaining arguments are lacking in merit.

*    *    *    *    *    *    *    *    *    *    *    *    *    *    *    *    *

Order affirmed, with costs, in a memorandum.  Chief Judge DiFiore
and Judges Pigott, Rivera, Abdus-Salaam, Stein and Garcia concur.
Judge Fahey took no part.

Decided June 14, 2016