Suttongate Holdings Ltd. v Laconm Mgt. N.V. (2019 NY Slip Op 05196)





Suttongate Holdings Ltd. v Laconm Mgt. N.V.


2019 NY Slip Op 05196


Decided on June 27, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 27, 2019

Sweeny, J.P., Renwick, Webber, Oing, JJ.


9745 652393/15

[*1]Suttongate Holdings Limited, Plaintiff-Appellant,
v
Laconm Management N.. et al., Defendants-Respondents.
Laconm Management N.V. et al., Third-Party Plaintiffs-Respondents, Barbery Group, Ltd., et al., Nominal Third-Party Plaintiffs-Respondents,
v
Waverly Investments, Ltd., et al.,


Olshan Frome & Wolosky, LLP, New York (Renee M. Zaytsev of counsel), for Suttongate Holdings Limited, appellant.
Hasapidis Law Offices, Scarsdale (Annette G. Hasapidis of counsel), for Waverly Investments, Ltd. and Arie David, appellants.
Tannenbaum Helpern Syracuse & Hirschtritt LLP, New York (Vincent J. Syracuse, Ralph A. Siciliano and David Holahan of counsel), for respondents.



Order and judgment (one paper), Supreme Court, New York County (Charles E. Ramos, J.), entered December 21, 2018, which, to the extent appealed from as limited by the briefs, dismissed the complaint and third-party defendant/counterclaim plaintiff Waverly Investments, Ltd.'s counterclaims, held that third-party defendant Arie David had breached his fiduciary duties and committed fraud, granted defendants' counterclaim and third-party corporate plaintiffs' (Laconm Management N.V., Kashmire Investments, Ltd., Immo Kashmire Development Inc., Sedna Group Ltd., Kuiper Group Ltd., Ourista N.V., Barbery Group, Ltd., and Pledge Group Holdings, Ltd.'s) claim for rescission of a loan agreement and guarantees given to plaintiff, stated that plaintiff's claims against individual defendants Samir Andrawos and Virginia Iglesias on their guarantees to nonparty RBC Royal Bank N.V. were dismissed and that the dismissal would have res judicata effect, and rescinded a purchase agreement and ordered third-party corporate plaintiffs to pay Waverly $307,462, unanimously reversed, on the law and the facts and in the exercise of discretion, without costs, plaintiff's first, second, third and fourth causes of action reinstated to the extent indicated herein, the holding that David breached his fiduciary duties and committed fraud deleted, judgment granted to plaintiff on Andrawos's, Kashmire's, Sedna's, Kuiper's, and Ourista's guarantees to it, judgment granted to plaintiff on the loan agreement dated as of July 15, 2014, as against Laconm, Andrawos, Kashmire, Immo, Sedna, and Kuiper, the matter remanded for a new trial of plaintiff's claim that Iglesias breached the above loan agreement, and the clause about the RBC guarantees and res judicata deleted.
Although the trial court failed to comply with CPLR 4213, in light of the court's retirement, we will resolve this case ourselves to the extent possible instead of remanding for a new trial (see e.g. Matter of Jose L. I., 46 NY2d 1024, 1026 [1979]).
Except for plaintiff's claim on the guarantee that Iglesias was supposed to give it, the court erred in granting the individual defendants' CPLR 4401 motion for a directed verdict at the close of plaintiff's case. Iglesias did not sign a personal guarantee in plaintiff's favor (see Littleton Constr. Ltd. v Huber Constr., Inc., 27 NY3d 1081, 1083 [2016]).
The guarantees given by Andrawos, Kashmire, Sedna, Kuiper, and Ourista (the guarantor defendants) are governed by New York law. They state that they are absolute and unconditional, and also that they "shall be unconditional and irrevocable, irrespective of . . . (a) the genuineness, validity or enforceability of any of the Loan Documents . . . or (g) any other circumstance, occurrence or condition . . . which might otherwise constitute a legal or equitable defense." Hence, the guarantor defendants' claims of fraud in the inducement are barred (see e.g. Cooperatieve Centrale Raiffeisen-Boerenleenbank, B.A., "Rabobank Intl.," N.Y. Branch v Navarro, 25 NY3d 485, 493-495 [2015]; Citibank v Plapinger, 66 NY2d 90, 92 [1985]).
The guarantor defendants' argument that their guarantees do not apply to the July 15, 2014 loan agreement is unavailing. The guarantees say they apply to all of Laconm's indebtedness to plaintiff, including, but not limited to, the March 7, 2014 loan agreement.
The guarantor defendants failed to prove the defense that they may challenge the guaranty on the ground of David's misconduct (see Cooperatieve, 25 NY3d at 496). The trial court found that David's misconduct was not in furtherance of a grand scheme of fraud.
The claims for fraud and breach of fiduciary duty asserted against David by defendants and third-party plaintiffs should be dismissed for lack of damages (see e.g. Connaughton v Chipotle Mexican Grill, Inc., 29 NY3d 137, 142-143 [2017]; One Times Sq. Assoc. v Calmenson, 292 AD2d 174 [1st Dept 2002]). The trial court itself commented that the transaction was not a bad idea and that the deal "went bad for reasons other than Mr. David." Even if, arguendo, David violated one or more ethical rules, "an ethical violation will not, in and of itself, create a duty that gives rise to a cause of action that would otherwise not exist" (Shapiro v McNeill, 92 NY2d 91, 97 [1998]; see also Cohen v Kachroo, 115 AD3d 512, 513 [1st Dept 2014]).
The July 15, 2014 loan agreement should be enforced against Laconm, Andrawos, Kashmire, Immo, Sedna, and Kuiper. However, because the trial court had already dismissed all claims against Iglesias, plaintiff was unable to introduce evidence (e.g., a handwriting expert) to rebut her claim that the signatures on the loan agreement were not hers. Therefore, a new trial is required on this point (see Weckstein v Breitbart, 111 AD2d 6, 8 [1st Dept 1985]).
The loan agreement, which is governed by New York law, appears to be signed in two places by all of the above-named defendants (as indicated, Iglesias disputes her signature), who are "presumed to know the contents of the instrument [they] signed and to have assented to such terms" (British W. Indies Guar. Trust Co. v Banque Internationale à Luxembourg, 172 AD2d 234, 234 [1st Dept 1991]).
Even if, as he testified, Andrawos failed to read the agreement before signing it, that does not excuse him from performing (see Amend v Hurley, 293 NY 587, 595 [1944]; U.S. Legal Support, Inc. v Eldad Prime, LLC, 125 AD3d 486, 487 [1st Dept 2015]; Vulcan Power Co. v Munson, 89 AD3d 494, 495 [1st Dept 2011], lv denied 19 NY3d 807 [2012]; British W. Indies, 172 AD2d at 234).
In any event, Andrawos did not sign on behalf of Laconm, Kashmire, Immo, Sedna, or Kuiper. Rather, two nonparties signed on behalf of these defendants. There was no testimony that David made misrepresentations to these nonparties to induce them to sign. Even if David had committed misconduct, there is no reason that plaintiff should suffer consequences due to David's misconduct. David is neither a shareholder nor an officer, director, or employee of plaintiff.
In its second amended complaint, plaintiff sought to recover under the guarantees given to it, not the guarantees given to RBC. Although its prayer for relief includes a reference to the RBC guarantees, plaintiff repeatedly said during trial that it was not seeking to enforce the RBC guarantees in this action. A "court may permit pleadings to be amended before or after judgment to conform them to the evidence" (CPLR 3025[c]).
During the trial, Waverly's then lawyer said, "the parties are in agreement that the [Waverly] transaction should be rescinded." Waverly — currently represented by different [*2]counsel — may not now seek judgment for breach of contract, as opposed to rescission. Similarly, when appellants submitted their proposed order and judgment, they requested only $307,462 for Waverly, not $422,079.
As we are upholding rather than rescinding the loan agreement and guarantees given to plaintiff, we need not reach the parties' rescission-related arguments.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 27, 2019
CLERK