Emerson v KPH Healthcare Servs., Inc. (2022 NY Slip Op 01359)





Emerson v KPH Healthcare Servs., Inc.


2022 NY Slip Op 01359


Decided on March 3, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:March 3, 2022

532345
[*1]Barbara Emerson, Plaintiff,
v
KPH Healthcare Services, Inc., Doing Business as Kinneydrugs, Defendant and Third- Party Plaintiff- Respondent, et al., Defendant; Parry's Services, LLC, Third-Party Defendant- Appellant.

Calendar Date:January 5, 2022

Before:Egan Jr., J.P., Lynch, Pritzker and Reynolds Fitzgerald, JJ.

Smith, Sovik, Kendrick & Sugnet, PC, Syracuse (Karen G. Felter of counsel), for third-party defendant-appellant.
Santacrose & Frary, Buffalo (Keith M. Frary of counsel), for defendant and third-party plaintiff-respondent.



Egan Jr., J.P.
Appeal from an order of the Supreme Court (Cerio Jr., J.), entered September 22, 2020 in Madison County, which, among other things, granted a motion by defendant KPH Healthcare Services, Inc. for summary judgment on its claims for contractual and common-law indemnification.
On January 7, 2018, plaintiff was allegedly injured when she slipped and fell on slush and ice in a Kinney Drugs parking lot in the Town of Hamilton, Madison County. Plaintiff thereafter commenced this premises liability action against, among others, defendant KPH Healthcare Services, Inc., the lessee of the premises and operator of the store. KPH, in turn, commenced a third-party action alleging that it was entitled to contribution and/or indemnification from third-party defendant, Parry's Services, LLC (hereinafter Parry), which had entered into a common area maintenance agreement (hereinafter agreement) with KPH to perform property maintenance at the premises, including snow and ice removal, during the period in which plaintiff was injured. Following joinder of issue and discovery, KPH moved for summary judgment on its third-party claim for indemnification. Parry cross-moved for summary judgment dismissing the third-party complaint. Supreme Court granted the motion and denied the cross motion, and Parry appeals.
We affirm. "Indemnity involves an attempt to shift the entire loss from one who is compelled to pay for a loss, without regard to his own fault, to another person who should more properly bear responsibility for that loss" (Phillips v Young Men's Christian Assn., 215 AD2d 825, 827 [1995] [internal quotation marks, ellipsis and citations omitted]). KPH argued that it was entitled to both contractual and common-law indemnification and, with regard to the former, full contractual indemnification is appropriate "provided that the 'intention to indemnify can be clearly implied from the language and purposes of the entire agreement and the surrounding facts and circumstances'" (Drzewinski v Atlantic Scaffold & Ladder Co., 70 NY2d 774, 777 [1987], quoting Margolin v New York Life Ins. Co., 32 NY2d 149, 153 [1973]).
To that end, Parry committed in the agreement to indemnify KPH "against any and all losses, liabilities, damages, actions, demands, claims, costs and expenses, including reasonable legal fees and expenses, arising out of or in connection with any claims for injuries or death to persons . . . arising from or claimed to arise from [Parry] performing services under [the agreement's] terms." As "the plain meaning of those words fairly includes the liability for [KPH's] active negligence" so long as the claim arose out of the services performed by Parry, KPH was not required to demonstrate the absence of its own negligence before invoking the indemnity clause (Levine v Shell Oil Co., 28 NY2d 205, 212 [1971]; see Bradley v Earl B. Feiden, Inc., 8 NY3d 265, 274-275 [2007]; Balyszak v Siena Coll., 63 AD3d 1409, 1411 [2009]; Mennes v Syfeld Mgt., 75 AD2d 936[*2], 938 [1980]). Moreover, to the extent that the issue is properly before us, General Obligations Law § 5-322.1 does not compel a different conclusion because that statute does not apply to a contract to clear snow and ice from a parking lot (see ZRAJ Olean, LLC v Erie Ins. Co. of N.Y., 134 AD3d 1557, 1560 [2015], lv denied 29 NY3d 915 [2017]; Goll v American Broadcasting Cos., Inc., 10 AD3d 672, 674 [2004]; Pieri v Forest City Enters., 238 AD2d 911, 912-913 [1997]). As such, the question is whether plaintiff's claim allegedly arose out of the agreed-upon performance of services by Parry so as to trigger the indemnity clause.
In that regard, the agreement reflects that, even if Parry was not required to plow the parking lot on the day of plaintiff's accident, Parry was separately obliged to salt and sand the lot if customer safety demanded it. The agreement states that Parry is to clear "[a]ll parking areas, walkways and access areas to dumpsters" following winter storms and plow whenever two inches or more of snow is present. The agreement goes on to require "[s]alt and sanding . . . in an amount sufficient to insure [sic] safety of customer traffic — both walking and driving including entrances and egresses," but it sets no minimum snowfall amount for that obligation. The foregoing language suggests that the two obligations are distinct, and that reading is confirmed by the fact that the agreement sets different rates for snowplowing and salting/sanding visits. Accordingly, reading the agreement as a whole and affording its unambiguous provisions their plain meaning (see Littleton Constr. Ltd. v Huber Constr., Inc., 27 NY3d 1081, 1083 [2016]; EDW Drywall Constr., LLC v U.W. Marx, Inc., 189 AD3d 1720, 1722 [2020]), Parry agreed to salt and sand the parking lot whenever such was required to ensure customer safety, and that obligation was not dependent upon snowfall totals (see Imperati v Kohl's Dept. Stores, Inc., 91 AD3d 1111, 1114 [2012]).
Notwithstanding Parry's further argument, plaintiff's claim "ar[o]se from [Parry] performing" that salting and sanding obligation. The record reflects that plaintiff slipped on slush and ice that appeared to have fallen from the vehicles of prior KPH customers, and Evan Werner, one of the limited liability company members of Parry, testified both that he had authority to determine whether the parking lot needed treatment and that such was frequently required to address the wintry slop that fell from vehicles and accumulated in parking lots. It is further undisputed that a Parry employee had treated the drug store's sidewalks, but not its parking lot, in the hours before plaintiff's accident.[FN1] KPH accordingly established that plaintiff was not allegedly injured by a condition that Parry had no reason to know about and "had [no] obligation to constantly monitor the property for" and, instead, by a recurring condition that Parry was aware of and had previously addressed (Kearsey v Vestal Park, LLC, 71 [*3]AD3d 1363, 1367 [2010]). Thus, Supreme Court properly granted KPH summary judgment on its indemnification claim.
As Parry is obliged to indemnify KPH as a matter of contract, we need not address whether it is also obliged to indemnify KPH under the common law (see Imperati v Kohl's Dept. Stores, Inc., 91 AD3d at 1114; Wieszchowski v Skidmore Coll., 147 AD2d 822, 824 [1989]). Finally, assuming that the issue is not academic, Parry was not entitled to summary judgment dismissing KPH's contribution claim given questions of fact as to whether it "owed a duty of care directly to plaintiff [or] a duty of reasonable care to [KPH] independent of its contractual obligation" (Hannigan v Staples, Inc., 137 AD3d 1546, 1548 [2016]; see McBride v Stewart's Ice Cream Co., 262 AD2d 776, 776 [1999]).
Lynch, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the order is affirmed, with costs.



Footnotes

Footnote 1: Parry suggests that the indemnity clause only covers its "performing services" under the agreement, not a failure to perform them. As that argument was raised for the first time on appeal, it is not properly before us (see Specfin Mgt. LLC v Elhadidy, 201 AD3d 31, 42 [2021]).