Stevenson v Red Roof Inns, Inc. (2023 NY Slip Op 00558)

Stevenson v Red Roof Inns, Inc.

2023 NY Slip Op 00558

Decided on February 3, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 3, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, CURRAN, BANNISTER, AND MONTOUR, JJ.

842 CA 21-01256

[*1]ANDRE STEVENSON, ET AL., PLAINTIFFS,
v
RED ROOF INNS, INC., DEFENDANT. 
RED ROOF INNS, INC., THIRD-PARTY PLAINTIFF-RESPONDENT, 
v
GRACE PROPERTY SERVICE, INC., THIRD-PARTY DEFENDANT-APPELLANT. 

LAW OFFICES OF JOHN WALLACE, BUFFALO (JAMES J. NAVAGH OF COUNSEL), FOR THIRD-PARTY DEFENDANT-APPELLANT. 
SANTACROSE & FRARY, BUFFALO (LISA M. DIAZ-ORDAZ OF COUNSEL), FOR DEFENDANT-THIRD-PARTY PLAINTIFF-RESPONDENT. 

 Appeal from an order of the Supreme Court, Erie County (Donna M. Siwek, J.), entered July 27, 2021. The order, insofar as appealed from, granted in part the motion of defendant-third-party plaintiff for summary judgment and denied in part the cross motion of third-party defendant for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying the motion in its entirety, and as modified the order is affirmed without costs.
Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by Andre Stevenson (plaintiff) when he slipped and fell on ice in a parking lot on property owned by defendant-third-party plaintiff, Red Roof Inns, Inc. (Red Roof). Prior to plaintiff's accident, Red Roof had entered into a snow removal maintenance agreement with third-party defendant, Grace Property Service, Inc. (Grace Property). In its answer, Red Roof asserted a cross claim for contractual indemnification against Grace Property. Red Roof subsequently moved for, inter alia, summary judgment on its cross claim for contractual indemnification. Grace Property cross-moved for, inter alia, summary judgment dismissing that cross claim. Supreme Court granted that part of Red Roof's motion seeking summary judgment on its contractual indemnification cross claim, denied Grace Property's cross motion insofar as it sought dismissal of that cross claim, and converted the cross claim into a third-party claim. Grace Property now appeals.
We agree with Grace Property that the court erred in granting that part of Red Roof's motion seeking summary judgment on its contractual indemnification cross claim. Pursuant to the snow removal maintenance agreement, Grace Property was obligated to indemnify Red Roof for any damages "aris[ing] out of or in connection with any act or omission of [Grace Property] in connection with its performance under [the agreement]." Exhibits to the agreement required Grace Property to "begin performing snow and ice removal services upon two (2) inches of snowfall, and every two (2) inches of snowfall thereafter" and to apply "salt . . . on an as needed basis."
In support of its motion, Red Roof submitted documentary evidence that Grace Property salted the parking lot four days prior to the accident and plowed it three days before the accident. [*2]It further submitted the deposition testimony of plaintiff, who testified that the parking lot at the time of his fall had accumulated "unsalted, melting ice and it hadn't been plowed." Plaintiff's wife testified at her deposition that she observed a "patch of . . . chunky, slushy, ice" in the place where plaintiff had fallen. However, plaintiff and his wife testified that it had not snowed during the two days prior to plaintiff's fall. Rather, the temperature had been above freezing and the conditions were rainy. Under these circumstances, we conclude that Red Roof failed to establish as a matter of law that plaintiff's accident "ar[ose] out of or in connection with any act or omission of [Grace Property] in connection with its performance under [the agreement]" (cf. Imperati v Kohl's Dept. Stores, Inc., 91 AD3d 1111, 1114 [3d Dept 2012]; see generally Trzaska v Allied Frozen Stor., Inc., 77 AD3d 1291, 1292-1293 [4th Dept 2010]; Baratta v Home Depot USA, 303 AD2d 434, 435 [2d Dept 2003]). We further conclude that Grace Property was not entitled to summary judgment dismissing Red Roof's contractual indemnification cross claim because Grace Property failed to establish as a matter of law that it performed its obligations under the agreement (see Trzaska, 77 AD3d at 1292-1293; Baratta, 303 AD2d at 435).
Inasmuch as Grace Property failed to meet its initial burden on its cross motion with respect to the cross claim, the court properly denied that part of the cross motion seeking summary judgment dismissing the cross claim. However, the court should have denied that part of Red Roof's motion seeking summary judgment on its contractual indemnification cross claim, without regard to the sufficiency of the opposition papers (see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). In light of the foregoing, we modify the order by denying Red Roof's motion in its entirety.
Entered: February 3, 2023
Ann Dillon Flynn
Clerk of the Court