Zapototsky v Ascape Landscape & Constr. Corp. (2023 NY Slip Op 06165)

Zapototsky v Ascape Landscape & Constr. Corp.

2023 NY Slip Op 06165

Decided on November 29, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 29, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
LINDA CHRISTOPHER
BARRY E. WARHIT, JJ.

2020-04204
 (Index No. 31455/18)

[*1]Orest Zapototsky, plaintiff, 
v
Ascape Landscape & Construction Corp., respondent, Simon Property Group, L.P.., et al., appellants.

Stagg Wabnik Law Group LLP, Garden City, NY (Thomas E. Stagg, Michael C. Dombrowski, and Brian A. Lacoff of counsel), for appellants.
Law Offices of Marc D. Orloff, P.C., Goshen, NY (Edward P. Souto and Tony Semidey of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants Simon Property Group, L.P., and Premium Outlet Partners, L.P., appeal from an order of the Supreme Court, Rockland County (Paul I. Marx, J.), dated May 11, 2020. The order, insofar as appealed from, denied those defendants' motion for conditional summary judgment on their cross-claims for contractual indemnification, breach of a contractual duty to defend, and an award of attorney's fees against the defendant Ascape Landscape & Construction Corp., and granted those branches of the cross-motion of the defendant Ascape Landscape & Construction Corp. which were for summary judgment dismissing those cross-claims.
ORDERED that the order is modified, on the law, by deleting the provisions thereof granting those branches of the cross-motion of the defendant Ascape Landscape & Construction Corp. which were for summary judgment dismissing the cross-claims of the defendants Simon Property Group, L.P., and Premium Outlet Partners, L.P., for contractual indemnification, breach of a contractual duty to defend, and an award of attorney's fees, and substituting therefor provisions denying those branches of the cross-motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
The plaintiff commenced this action to recover damages for personal injuries he allegedly sustained when he slipped and fell on a patch of ice on a sidewalk, located between a parking lot and a store entrance at an outlet mall. The defendants Simon Property Group, L.P., and Premium Outlet Partners, L.P. (hereinafter together the Simon defendants), together interposed an answer, in which they asserted cross-claims against the defendant Ascape Landscape & Construction Corp. (hereinafter Ascape), the company that contracted with the Simon defendants to perform snow and ice removal at the subject property.
Thereafter, the Simon defendants moved for conditional summary judgment on their cross-claims against Ascape for contractual indemnification, breach of a contractual duty to defend, and an award of attorney's fees. Ascape cross-moved, inter alia, for summary judgment dismissing those cross-claims. In an order dated May 11, 2020, the Supreme Court, inter alia, denied the Simon [*2]defendants' motion, and granted those branches of Ascape's cross-motion. The Simon defendants appeal.
The Supreme Court properly denied the Simon defendants' motion. "The right to contractual indemnification depends upon the specific language of the contract" (Poalacin v Mall Props., Inc., 155 AD3d 900, 909; see Ramales v Pecker Iron Workers of Westchester, Inc., 114 AD3d 920, 921). "The promise to indemnify should not be found unless it can be clearly implied from the language and the purpose of the entire agreement and the surrounding circumstances" (Meadowbrook Pointe Dev. Corp. v F & G Concrete & Brick Indus., Inc., 214 AD3d 965, 970 {internal quotation marks omitted]; see Breland-Marrow v RXR Realty, LLC, 208 AD3d 627, 629; Garcia v Emerick Gross Real Estate, L.P., 196 AD3d 676, 679).
Here, the subject contract provided, inter alia, that Ascape was obligated to defend and to indemnify the Simon defendants for third-party claims of bodily injury "in any way relating to or resulting, in whole or in part, from [Ascape's] performance or alleged failure to perform the Services or any other breach of this Agreement." Ascape's responsibilities pursuant to the contract included, among other things, treating concrete sidewalks with calcium chloride, keeping mall entrances "clear," salting or sanding individual store entrances, and providing continuous 24-hour snow removal after a snow event until "all parking lots, roadways, access roads, courtyards and receiving areas" were "clear and slip free."
The Simon defendants failed to meet their prima facie burden of demonstrating their entitlement to conditional summary judgment on their cross-claim for contractual indemnification, as they failed to eliminate triable issues of fact as to whether the plaintiff's claim related to or resulted from Ascape's performance or failure to perform its services under the contract (see Meadowbrook Pointe Dev. Corp. v F & G Concrete & Brick Industry, Inc., 214 AD3d at 970-971; Hannigan v Staples, Inc., 137 AD3d 1546, 1549-1550; cf. Emerson v KPH Healthcare Servs., Inc., 203 AD3d 1272, 1273-1274). The evidence proffered by the Simon defendants in support of their motion reflected triable issues of fact as to whether, among other things, the ice upon which the plaintiff fell developed after Ascape had already fully completed its services under the contract and had no reason to know about the condition and no obligation to monitor for it (see Emerson v KPH Healthcare Servs., Inc., 203 AD3d at 1273-1274).
Moreover, since Ascape is not an insurer, its "duty to defend is no broader than its duty to indemnify" (Rodriguez v Waterfront Plaza, LLC, 207 AD3d 489, 491; see Brooklyn View v PRP, LLC, 159 AD3d 865, 866; Bellefleur v Newark Beth Israel Med. Ctr., 66 AD3d 807, 809). Thus, since the Simon defendants are not entitled to indemnification at this juncture, they are also not entitled to a defense or to attorney's fees (see Rodriguez v Waterfront Plaza, LLC, 207 AD3d at 491; Bellefleur v Newark Beth Israel Med. Ctr., 66 AD3d at 809).
However, the Supreme Court erred in granting those branches of Ascape's cross-motion which were for summary judgment dismissing the cross-claims asserted against it for contractual indemnification, breach of a contractual duty to defend, and an award of attorney's fees. Ascape failed to establish as a matter of law that the plaintiff's accident did not relate to or result from Ascape's performance or failure to perform its services under the contract (see Burgos v 14 E. 44 St., LLC, 203 AD3d 688, 689; Trzaska v Allied Frozen Stor., Inc., 77 AD3d 1291, 1293). The evidence relied upon by Ascape in support of its cross-motion reflected triable issues of fact as to, among other things, whether, prior to the plaintiff's fall, Ascape had treated the subject sidewalk pursuant to the terms of its contract, and whether the plaintiff's claim related to Ascape's performance or failure to perform that work (see Burgos v 14 E. 44 St., LLC, 203 AD3d at 689; Trzaska v Allied Frozen Stor., Inc., 77 AD3d at 1293).
CONNOLLY, J.P., CHAMBERS, CHRISTOPHER and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court