Harrison v Consolidated Edison Co. of N.Y., Inc. (2024 NY Slip Op 05436)

Harrison v Consolidated Edison Co. of N.Y., Inc.

2024 NY Slip Op 05436

Decided on November 6, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 6, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
JOSEPH J. MALTESE
LILLIAN WAN
JAMES P. MCCORMACK, JJ.

2023-03803
 (Index No. 709738/23)

[*1]Bernadette Harrison, plaintiff,
v
Consolidated Edison Company of New York, Inc., defendant third-party plaintiff-appellant, Step Mar Contracting Corp., defendant third-party defendant-respondent, et al., defendants.

Jeffrey Samel & Partners (Heidell, Pittoni, Murphy & Bach, LLP, White Plains, NY [Daniel S. Ratner], of counsel), for defendant third-party plaintiff-appellant.
Goetz Schenker Blee & Wiederhorn LLP, New York, NY (Jeffrey M. Rubinstein of counsel), for defendant third-party defendant-respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant third-party plaintiff appeals from an order of the Supreme Court, Queens County (Tracy Catapano-Fox, J.), entered February 17, 2023. The order, insofar as appealed from, granted that branch of the motion of the defendant third-party defendant which was for summary judgment dismissing the third-party complaint.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendant third-party defendant which was for summary judgment dismissing the third-party complaint is denied.
In March 2013, the defendant third-party defendant, Step Mar Contracting Corp. (hereinafter Step Mar), undertook, pursuant to a purchase order incorporating certain terms and conditions (hereinafter the contract), to perform excavation and renovation of the roadway surrounding an electrical service box owned by the defendant third-party plaintiff, Consolidated Edison Company of New York, Inc. (hereinafter Con Ed). The contract included, inter alia, a warranty that the work Step Mar performed in connection with the contract was, among other things, to be "free from defects in . . . material, workmanship and design" and was to "conform strictly to all applicable specifications" (hereinafter the warranty provision). The contract also contained an indemnity provision and an insurance provision. The insurance provision required that Step Mar purchase insurance meeting certain requirements, including that the insurance "cover Con Ed[ ] for its own liability for negligence . . . in any claim . . . for bodily injury . . . arising out of the [w]ork."
In May 2016, the plaintiff, Bernadette Harrison, allegedly was injured when she tripped and fell in the area of the roadway where Step Mar had performed the work. In January 2017, the plaintiff commenced this action to recover damages for personal injuries against, among others, Con Ed. Con Ed commenced a third-party action against Step Mar, asserting causes of action for contractual indemnification, to recover damages for breach of contract for failure to procure [*2]insurance, and for common-law indemnification for any damages resulting from Step Mar's negligence.
Thereafter, Step Mar moved, inter alia, for summary judgment dismissing the third-party complaint. By order entered February 17, 2023, the Supreme Court, among other things, granted that branch of Step Mar's motion. Con Ed appeals.
The Supreme Court erred in granting that branch of Step Mar's motion which was
for summary judgment dismissing the third-party cause of action for contractual indemnification. "The right to contractual indemnification depends upon the specific language of the contract" (Zapototsky v Ascape Landscape & Constr. Corp., 221 AD3d 1055, 1056 [internal quotation marks omitted]). Here, the indemnity provision required that Step Mar indemnify Con Ed "[t]o the fullest extent allowed by law . . . from all claims . . . for injury to . . . persons . . . resulting in whole or in part from, or connected with, the performance of the [w]ork." Step Mar contended, among other things, that it could not be held liable because the defect in the roadway was the result of wear and tear, not the performance of its work. However, on its summary judgment motion, there was no expert opinion or any other evidence offered to support that assertion. Step Mar instead focused on the warranty provision and argued that it could not be held liable because the accident occurred after the warranty period had expired. This contention is unavailing. Con Ed, in the third-party complaint, did not allege that there was a breach of the warranty provision. Rather, Con Ed sought to recover under the indemnity provision on the basis that the plaintiff's injury was connected with Step Mar's work, a point on which, as noted, Step Mar failed to submit any evidence.
Step Mar similarly failed to establish its prima facie entitlement to judgment as a matter of law dismissing the third-party cause of action for common-law indemnification, as, for the reasons just explained, it failed to affirmatively demonstrate that it was free from negligence (see Zong Wang Yang v City of New York, 207 AD3d 791, 796).
Finally, Step Mar failed to demonstrate, prima facie, that it complied with the insurance provision. A party seeking summary judgment dismissing a cause of action to recover damages for breach of contract based upon the failure to procure insurance must "submit evidence demonstrating as a matter of law that it complied with the insurance provision of the applicable contract" (Simon v Granite Bldg. 2, LLC, 114 AD3d 749, 756). Here, Step Mar submitted a tender letter from its insurer, James River Insurance Company (hereinafter James River), stating that James River accepted Con Ed's tender as an additional insured. However, the James River tender letter did not establish that the procured insurance unconditionally covered Con Ed, as was required by the contract. Further, Step Mar did not submit the insurance policy showing that Con Ed was covered to the extent required by the contract.
Since Step Mar failed to meet its prima facie burden of demonstrating its entitlement to judgment as a matter of law dismissing the third-party complaint, the Supreme Court should have denied that branch of its motion regardless of the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Con Ed's remaining contention is without merit.
IANNACCI, J.P., MALTESE, WAN and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court