Printup v Beckwith (2025 NY Slip Op 02518)

Printup v Beckwith

2025 NY Slip Op 02518

Decided on April 25, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, BANNISTER, NOWAK, AND HANNAH, JJ.

821 CA 23-02140

[*1]RUCHATNEET PRINTUP, PLAINTIFF-APPELLANT,
v
STEPHEN W. BECKWITH AND WYOMING COUNTY HARLEY DAVIDSON, INC., DEFENDANTS-RESPONDENTS. 

NICHOLAS J. NARCHUS, PLLC, NIAGARA FALLS (NICHOLAS J. NARCHUS OF COUNSEL), FOR PLAINTIFF-APPELLANT.
KENNEY SHELTON LIPTAK NOWAK LLP, BUFFALO (JUSTIN L. HENDRICKS OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 

 Appeal from an order of the Supreme Court, Wyoming County (Terrence M. Parker, A.J.), entered June 8, 2023. The order granted the motion of defendants for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying the motion in part and reinstating the complaint against defendant Wyoming County Harley Davidson, Inc., and as modified the order is affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained when he fell from a box truck that was on property owned by defendant Wyoming County Harley Davidson, Inc. (defendant). When the accident occurred, plaintiff was delivering newspapers to defendant's property. Plaintiff used a box truck to deliver the newspapers and, on the date of the accident, parked the truck partly on the shoulder of the road and partly on defendant's parking lot, which had over one foot of snow on it, according to plaintiff's deposition testimony. To deliver the newspapers, plaintiff walked onto defendant's property and through the snow to get to the side door of the box truck. Plaintiff sustained injuries when he slipped while he was climbing the metal ladder on the side of the box truck and fell on allegedly uneven ground. Defendants moved for summary judgment dismissing the complaint, contending, inter alia, that "plaintiff did not fall on . . . defendant's property" but "rather . . . fell from his truck onto [that] property," and therefore defendant did not owe a duty of care to plaintiff. Supreme Court granted the motion on the basis that plaintiff did not offer evidence to establish that defendant's alleged breach of its duty to keep its property reasonably safe was a proximate cause of his fall from the box truck. Plaintiff appeals.
Preliminarily, we note that plaintiff does not address in his brief on appeal the dismissal of the complaint against defendant Stephen W. Beckwith, and we therefore deem any challenge to that part of the order abandoned (see Ciesinski v Town of Aurora, 202 AD2d 984, 984 [4th Dept 1994]).
We agree with plaintiff that the court erred in granting the motion with respect to defendant, however, and we therefore modify the order accordingly. Defendant, "as the movant for summary judgment, had the burden of establishing as a matter of law that [it] was not negligent or that, even if [it] was negligent, [its] negligence was not a proximate cause of the accident" (Pagels v Mullen, 167 AD3d 185, 187 [4th Dept 2018]). Here, defendants, in support of their motion, submitted plaintiff's deposition testimony, in which plaintiff testified that after walking through the snow he started climbing the ladder on the side of the box truck and then slipped and fell on uneven ground causing his foot to bend at a 90-degree angle from his ankle. We conclude that a jury could reasonably conclude, based on plaintiff's testimony, that the accumulated snow caused or contributed to his accident (see Garcia v Black Sea Props., LLC, 227 AD3d 1486, 1488 [4th Dept 2024]; Trzaska v Allied Frozen Stor., Inc., 77 AD3d 1291, 1293 [*2][4th Dept 2010]), and that the uneven ground "caused or contributed to plaintiff's injuries" (Stackwick v Young Men's Christian Assn. of Greater Rochester, 242 AD2d 878, 879 [4th Dept 1997]). Therefore, defendants failed to meet their initial burden of establishing entitlement to summary judgment, and the burden never shifted to plaintiff to raise a triable issue of fact in opposition (see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]).
We also reject defendants' contention, raised as an alternative ground for affirmance (see generally Parochial Bus Sys. v Board of Educ. of City of N.Y., 60 NY2d 539, 545 [1983]), that summary judgment was proper because defendant did not owe a duty of care to plaintiff, inasmuch as plaintiff did not slip "on" its property but rather while he was on the ladder of a box truck that defendant had no duty to maintain. "The question of whether a member or group of society owes a duty of care to reasonably avoid injury to another is . . . a question of law for the courts" (Purdy v Public Adm'r of County of Westchester, 72 NY2d 1, 8 [1988], rearg denied 72 NY2d 953 [1988]), but, "once the nature of the duty has been determined as a matter of law, whether a particular defendant owes a duty to a particular plaintiff is a question of fact" (Kimmell v Schaefer, 89 NY2d 257, 263 [1996]; see Bialecki v HBO Bldrs. W., Inc., 221 AD3d 1573, 1576 [4th Dept 2023]). A property owner has a duty to maintain the premises in a reasonably safe condition in view of all the circumstances, including the likelihood of injury to others (see Palka v Servicemaster Mgt. Servs. Corp., 83 NY2d 579, 584-585 [1994]; Basso v Miller, 40 NY2d 233, 241 [1976]). "The duty of a landowner to maintain [its] property in a safe condition extends to persons whose presence is reasonably foreseeable by the landowner" (Breau v Burdick, 166 AD3d 1545, 1546 [4th Dept 2018]). Here, plaintiff, who was in the course of routine delivery of newspapers to defendant, using a box truck, was injured after walking through an accumulation of snow on defendant's property and while the box truck remained on that property. We conclude that defendants failed to establish as a matter of law that defendant did not owe a duty to plaintiff (see generally Kimmell, 89 NY2d at 263; Valvo v Loyal Order of Moose 1614, 27 AD3d 1110, 1111 [4th Dept 2006]; Perrelli v Orlow, 273 AD2d 533, 534-535 [3d Dept 2000]).
Entered: April 25, 2025
Ann Dillon Flynn
Clerk of the Court